### PASCAL GROW *vs.* FRANCIS E. DOBBINS & others.

Middlesex.    Jan. 9. — June 28, 1878.    AMES & LORD, JJ., absent.

An action on a debt of a deceased person cannot be maintained, under the Gen. Sts. c. 101, § 31, against his heirs, without proof that his estate had been settled before the right of action accrued.

CONTRACT against the heirs of William Dobbins. Writ dated November 24, 1876. The declaration alleged that, on January 19, 1872, the plaintiff executed to William Dobbins a lease of a parcel of land in Lowell for the term of ten years from date, Dobbins to pay rent at the rate of one hundred and fifty dollars a year in monthly instalments; that ten months' rent to November 19, 1876, was due and unpaid; that Dobbins died on August 6, 1873, and on September 2, 1873, his widow was appointed administratrix of his estate; that the time prescribed by law for the limitation of suits against her had expired before this cause of action accrued; that real estate to the value of ten thousand dollars and upwards, owned by William Dobbins at his decease, descended to the defendants and is now held by them in fee, they being the heirs of William.

At the trial in the Superior Court, without a jury, before *Pitman*, J., the plaintiff introduced evidence tending to show that William Dobbins died intestate in August, 1873; that his widow took out letters of administration on September 2, 1873, published notice, and duly administered upon the estate, which amounted according to the inventory to nearly $50,000, both real and personal; and there was other evidence tending to show that a considerable amount of property had been left by the intestate, and that the defendants were the only heirs. It also appeared that the rent declared for became due after the expiration of the two

years from the time letters of administration were granted to the widow.

Upon this evidence, the judge ruled that the action could not be maintained, for the reason that the plaintiff's remedy was by a bill in equity, and because the evidence did not show the case to be within the statute ; and ordered judgment for the defendants. The plaintiff alleged exceptions.

*R. B. Caverly*, for the plaintiff.

*G. F. Richardson*, (*D. S. Richardson* with him,) for the defendants.

GRAY, C. J. The plaintiff did not allege or prove that the estate of the intestate had been settled when his right of action accrued. If it had not, the plaintiff had a remedy under the Gen. Sts. *c.* 97, §§ 8, 9, by application to the Probate Court and action against the administratrix, and therefore, by the express terms of *c.* 101, § 31, cannot maintain this action against the heirs. *Hall* v. *Bumstead*, 20 Pick. 2.

*Exceptions overruled.*