### GEORGE M. BROOKS, Judge of Probate, *vs.* WILLIAM E. RAYNER & others.

Middlesex.    Jan. 9. — July 25, 1879.    COLT & ENDICOTT, JJ., absent.

A bill in equity by the judge of probate, for the benefit of the guardian of a minor, against the executor and the devisees of a surety upon the bond of a former guardian, alleged a breach of the bond, and the death of the surety leaving property, of which more than enough to pay the plaintiff's claim was still in the hands of the executor; that this claim and the plaintiff's right of action did not accrue within two years from the time the executor filed his bond and gave notice of his appointment, but did accrue within one year before the filing of the bill. *Held*, on demurrer, that the bill could not be maintained under the Gen. Sts. c. 101, § 34, or the St. of 1861, c. 174, § 2.

GRAY, C. J.    This is a bill in equity, in the name of the Judge of Probate, for the benefit of Bethuel Ellis, now guardian

of Daniel E. Norcross, a minor, to recover the sum of $1682.93, appearing to be due by the final account of William E. Rayner, a former guardian, who had given a guardian's bond in the usual form, with James Rayner and Lilley Eaton as his sureties. The defendants are William E. Rayner and James Rayner, against whom the bill has been taken for confessed, and the executor and the devisees of Lilley Eaton, who have demurred generally to the bill.

The bill alleges that James Rayner is without property, and the plaintiff is without remedy against him ; that Lilley Eaton died on January 16, 1872, seised and possessed of real and personal estate of the value of more than $15,000 over and above his liabilities, and leaving a will, by which he devised his property to his wife and children, and that they assented to and accepted the provisions thereof ; that his executor was appointed and gave bond and published notice of his appointment on February 6, 1872, and still holds a large portion and nearly all of the property of the testator, more than sufficient to satisfy the plaintiff's claim ; that this claim and the plaintiff's right of action under the guardian's bond of Rayner did not accrue within two years from the time when the executor filed his bond and gave notice of his appointment, and did accrue within one year before the filing of the bill ; and that the executor is bound to pay the plaintiff's claim, and the devisees are bound to contribute towards and to pay this claim in proportion to their respective interests under the will.

The remedy of those holding debts or claims against the estate of a deceased person is primarily against the executor, and, in most cases, by action commenced within two years from the time of his giving bond. Gen. Sts. *c.* 97, § 5. A creditor of the deceased, whose right of action does not accrue within that time, may present his claim to the Probate Court at any time before the estate is fully administered, and, upon showing that his claim is justly due from the estate, may obtain an order that the executor retain in his hands sufficient to satisfy the same, unless a bond for payment of the demand is offered and given by other persons interested in the estate ; and may establish his claim by action, in the one alternative, against the executor, or, in the other, against the persons giving such bond. §§ 8–10.

It is only after the settlement of the estate, and on claims for which no provision is made in chapter 97, that a suit can be maintained against devisees or legatees.   c. 101, §§ 31–35.   See also Rev. Sts. c. 70, § 13, and note of Commissioners.

This suit cannot be maintained against the executor, because no application has been made to the Probate Court under the Gen. Sts. c. 97, § 8, and, if such application had been made, a bond might have been given by any persons interested in the estate, in which case an action could have been maintained against such persons only, and not against the executor.   *Bacon* v. *Pomeroy*, 104 Mass. 577.   It does not appear that the plaintiff has been prevented by fraud, accident or mistake from prosecuting his claim against the estate within the time limited by law, and the Sts. of 1861, c. 174, § 2, and 1863, c. 235, have no application.   *Wells* v. *Child*, 12 Allen, 333.   *Spelman* v. *Talbot*, 123 Mass. 489.   The suit cannot be maintained against the devisees, because it appears by the allegations in the bill that the estate of the testator has not been settled, and that provision is made for the case in the Gen. Sts. c. 97, § 8.   *Grow* v. *Dobbins*, 124 Mass. 560.                    *Demurrer sustained.*

*H. G. Parker*, for the plaintiff.

*S. H. Hamilton*, for the defendants.