PASCAL GROW *vs.* FRANCES E. DOBBINS & others.

Middlesex.    Jan. 13. — Feb. 16, 1880.    COLT & LORD, JJ., absent.

A bill in equity, against the heirs of a deceased person, to recover a debt due from his estate, cannot be maintained, under the Gen. Sts. c. 101,.§§ 31–34, in the absence of allegation or proof that the estate had been settled.

BILL IN EQUITY, filed April 2, 1877, against the heirs of William Dobbins, alleging that, on January 19, 1872, the plaintiff executed to William Dobbins a lease of a parcel of land in Lowell for the term of ten years from date, Dobbins to pay rent at the rate of one hundred and fifty dollars a year in monthly instalments; that Dobbins died on August 6, 1873, and on September 2, 1873, his widow was appointed administratrix of his estate, and paid the rent up to January 19, 1876; that since that date the rents falling due have not been paid; that real estate to the value of ten thousand dollars and upwards, owned by William Dobbins at his decease, descended to the defendants and is now held by them in fee; that on May 19, 1874, the said widow was appointed guardian of the defendants, and was still acting as such; and that the time prescribed by law for the limitation of suits against the administratrix expired before this cause of action accrued.

The prayer of the bill was, that it might be determined how much each of the defendants was liable to pay; and that judgment and execution might issue accordingly.

The defendants answered, denying that any real estate descended to them, or that they were liable; and alleging that the

estate of William Dobbins was not fully administered, and had been represented insolvent in the Probate Court.

At the hearing before *Colt*, J., the bill was dismissed, on the ground that it did not allege, nor did it appear at the hearing, that the estate had been settled when the bill was filed. The plaintiff alleged exceptions.

*R. B. Caverly*, for the plaintiff.

*D. S. Richardson & G. F. Richardson*, for the defendants.

GRAY, C. J. By the Gen. Sts. *c.* 101, §§ 31–34, it is only "after the settlement of an estate by an executor or administrator," as well as after the expiration of the time limited for the commencement of actions against him, that debts which could neither have been sued against him, nor secured by application to the judge of probate, under *c.* 97, § 8, to have assets retained or a bond given, can be the subject either of an action at law or of a suit in equity against the heirs or next of kin. In the present case, there being no allegation or proof that the estate had been settled, the bill was rightly dismissed. *Grow* v. *Dobbins*, 124 Mass. 560. *Brooks* v. *Rayner*, 127 Mass. 268.

*Exceptions overruled.*