JOHN C. HAMMOND, trustee, *vs.* SOPHRONIA GRANGER & another, administrators.

Hampshire. Sept. 16, 1879. — Feb. 27, 1880. AMES & ENDICOTT, JJ., absent.

A testator by his will bequeathed to A. and B. a certain fund in trust. They accepted the trust, and, in 1861, gave bonds with C. as surety. C. died testate in 1876, an administrator with the will annexed gave bond and published notice of his appointment in that year, and his estate had not been fully administered, when, in 1879, A. and B. were removed from the office of trustee, and D. was appointed in their stead and made a written demand upon them to deliver to him all the trust property in their hands, which they refused to do. *Held*, that their refusal constituted a breach of their bond, and a claim thereupon arose against the estate of C. as a surety on that bond; and that D. could maintain a petition to the Probate Court, under the Gen. Sts. *c.* 97, § 8, to order C.'s administrator to retain in his hands sufficient funds to satisfy D.'s claim against the estate.

A single trustee appointed by the Probate Court, in the place of two trustees who have been removed, takes the title in the trust property, and the right to prosecute all necessary suits to recover the same.

PETITION to the Probate Court, under the Gen. Sts. *c.* 97, § 8, to order Sophronia Granger and John W. Smith, administrators with the will annexed of Lorenzo N. Granger, to retain in their hands sufficient funds to satisfy the petitioner's claim against his estate. The Probate Court dismissed the petition, the petitioner appealed to this court, and the case was heard and reserved by *Gray*, C. J., for the determination of the full court, upon a statement of facts in substance as follows:

Cotton Smith by his will, which was admitted to probate August 7, 1860, bequeathed to George C. Smith and John W. Smith the sum of $10,500 in trust to pay to his children the income thereof during their lives, and the principal at their death to their issue, and further provided as follows: "And I further direct that, in order to the execution of either of the powers herein granted to said trustees or their successors, the consent of both shall be necessary, and in case either of said trustees shall decline to accept the said trust, or shall die before a full and complete execution of the same, I direct that the surviving trustee, if there shall be any, and my surviving children, or, in case there shall be no trustee surviving, then my surviving children alone, shall nominate another trustee or trustees, who shall be satisfactory to, and may be appointed by the court of probate of the said county of Hampshire; and the said trustee or trustees shall, after such appointment, have the same powers and be subject to the same restrictions in all respects as the trustees hereinbefore named. And in case the said surviving trustee or children shall fail to nominate as aforesaid, the said court of probate may appoint some suitable person to such office; and all vacancies among said trustees shall continue to be filled in like manner so long as such trustees shall be necessary."

George C. Smith and John W. Smith accepted the trust, and on February 3, 1861, gave bonds for the performance thereof, with Thaddeus Smith and Lorenzo N. Granger as sureties, both of whom afterwards died. Lorenzo N. Granger died testate March 27, 1876; and on May 2, 1876, the respondents gave bond as administrators with the will annexed, and published notice of their appointment, and his estate has not been fully administered. In February 1879, George C. Smith and John W. Smith, still holding the trust fund, were removed by the Probate Court

from the office of trustee. On March 22, the petitioner was appointed in their stead by that court, upon the nomination in writing of all the surviving children of Cotton Smith, and on March 27 made a written demand upon the trustees to deliver to him all the trust property in their hands, which they refused to do. All those children of Cotton Smith are still living, and some of them have children.

The petitioner contended that, in virtue of his appointment as trustee, and by reason of the breach of the bond of the former trustees by their refusal to deliver the trust fund to him, he had a claim in the same amount against the estate of Lorenzo N. Granger as surety on that bond, and that, more than two years having elapsed since the bond was given, the respondents should be ordered to retain in their hands sufficient funds to satisfy his claim. The respondents objected, 1st, that the petitioner was not a creditor of their testator, whose right of action did not accrue within two years after the giving of that bond, within the meaning of the Gen. Sts. *c.* 97, § 8; 2d, that the appointment of the petitioner was invalid, because the will required the appointment of two trustees.

It was agreed that, if, upon these facts, the petition could be maintained, judgment should be rendered accordingly; otherwise, the petition should be dismissed, or such other order entered as to the court should seem meet.

*J. C. Hammond, pro se.*

*T. B. Bottum,* for the respondents, cited to the first point, St. 1788, *c.* 66, §§ 4, 5; Rev. Sts. *c.* 66, § 5, and Commissioners' report; Gen. Sts. *c.* 97, §§ 5, 8, and Commissioners' report; *Royce* v. *Burrell,* 12 Mass. 395, 398; *Paine* v. *Moffit,* 11 Pick. 496, 499; *Hall* v. *Bumstead,* 20 Pick. 2, 7, 8; *Bemis* v. *Bemis,* 13 Gray, 559; *Low* v. *Bartlett,* 8 Allen, 259, 264; *Lovell* v. *Nelson,* 11 Allen, 101; *Spelman* v. *Talbot,* 123 Mass. 489; *Holden* v. *Fletcher,* 6 Cush. 235; *Hunt* v. *Holden,* 2 Mass. 168; and to the second point, *Massachusetts General Hospital* v. *Amory,* 12 Pick. 445, *Dixon* v. *Homer,* 12 Cush. 41; *Shaw* v. *Paine,* 12 Allen, 293.

GRAY, C. J. The statutes of the Commonwealth concerning the payment of the debts and liabilities of deceased persons are framed with the objects, 1st, of securing a prompt settlement and distribution of the estate, and, 2d, so far as can be, of affording

to all creditors adequate remedies. The general rule is that no executor or administrator can be sued by any creditor of the deceased after two years from the giving of the administration bond. Gen. Sts. c. 97, §§ 5, 12. The exceptions in cases of new assets coming to the hands of the executor or administrator after the expiration of the two years, and of equitable claims which might have been and were not sued within the period of limitation, do not affect the case before us. Gen. Sts. c. 97, §§ 6, 7. St. 1861, c. 174, § 2.

This case depends upon the provisions by which "a creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered; and if, on examination thereof, it appears to the court that the same is justly due from the estate," the court shall order the executor or administrator to retain in his hands sufficient to satisfy the same, unless a sufficient bond "for the payment of the demand in case the same is proved to be due," is offered and given by a person interested in the estate. Such a claim is not conclusively established by the decision of the Probate Court, but must be "proved to be due in an action commenced by the claimant within one year after the same becomes payable," or, if an appeal is taken from the decision of the Probate Court, then within one year after a final determination of that appeal, against the executor or administrator, or against the person giving the bond. Gen. Sts. c. 97, §§ 8–11. St. 1871, c. 238.

These provisions in terms cover every claim, the right of action upon which does not accrue within the period of the special statute of limitations, and which now appears to be "justly due from the estate," and include every debt arising out of a contract of the deceased which becomes "justly due" before the estate is settled, even if it was neither *debitum* nor *solvendum* within the two years.

The claim of the petitioner is upon the bond given on May 2, 1876, by the respondents, as administrators with the will annexed of Lorenzo N. Granger, and arises thus: The former trustees under the will of Cotton Smith gave bond in 1861 for the performance of their trust, with Granger as a surety, and in February 1879 were removed from that trust. On March 22, 1879, the

petitioner was appointed in their stead, and a week afterwards demanded of them the trust fund in their hands. Their refusal to deliver it to him constituted a breach of their bond, and a claim thereupon arose against the estate of Granger as a surety on that bond. Gen. Sts. c. 100, § 1. *Choate* v. *Arrington*, 116 Mass. 552. *Brooks* v. *Jackson*, 125 Mass. 307. The removal of the former trustees, the appointment of the petitioner in their stead, and their refusal to deliver the trust fund to him, not having taken place until more than two years after the respondents gave bond as executors of Granger, the petitioner did not have, and could not by making a demand have acquired, any right of action on the claim within the two years; and, the claim being now both due and payable, a clear case is presented for an order by the Probate Court under the Gen. Sts. c. 97, § 8. *Grow* v. *Dobbins*, 124 Mass. 560. *Same* v. *Same*, ante, 271. *Brooks* v. *Rayner*, 127 Mass. 268.

The cases cited by the respondents are in no wise inconsistent with this view. In none of them had any application been made to the Probate Court to set aside assets; and most of them related either to the effect of the special statute of limitations, or else to the liability of heirs and devisees, who can only be sued after the estate has been settled and upon debts which could not have been sued for against the executor or administrator. Gen. Sts. c. 101, §§ 31 & seq. *Hall* v. *Bumstead*, 20 Pick. 2.

In *Spelman* v. *Talbot*, 123 Mass. 489, the point adjudged was that the claim of one joint debtor against the administrators of another for contribution to a sum paid by the plaintiffs after the time of limitation of actions against the administrators had expired, and which therefore did not come into existence until after that time, was not within the equitable exception to that statute created by the St. of 1861, c. 174, § 2; there had been no application to the Probate Court to order assets to be retained or a bond to be given, and therefore, as previously decided in *Bacon* v. *Pomeroy*, 104 Mass. 577, no action could have been maintained under the Gen. Sts. c. 97, § 10; and the dictum that the possible liability of the plaintiffs would not give them a contingent claim against the estate, upon which they could have obtained such an order from the Probate Court, was evidently based upon the fact, that at the time spoken of it was

wholly uncertain whether the plaintiff would ever have any claim at all.

An action at law upon the bond of the trustees, or upon the bond of the administrators of the surety on the first bond, must indeed have been brought in the name of the judge of probate as the obligee therein, and not in the name of the new trustee; but as the new trustee is the person entitled to bring such an action in the name of the judge of probate, he is the proper person to present a petition under the Gen. Sts. *c.* 97, § 8; for it would be an anomaly to require the judge of probate, as the obligee in the bond, to apply to himself in his judicial capacity for an order under this statute.

The question whether two trustees should have been appointed instead of one is not brought directly before us, as it would be by appeal from the decree of the Probate Court appointing a single trustee. Even if that court ought to have appointed an additional trustee, it is clear that the property vested in the trustee appointed, and that he has the right to prosecute all necessary suits to recover the same. *Greene* v. *Borland*, 4 Met. 330. *Dixon* v. *Homer*, 12 Cush. 41.

The result is that the decree of the Probate Court dismissing the petition must be reversed, and the case remitted to that court for    .                              *Further proceedings.*