WILLIAM G. BASSETT, Judge of Probate, *vs.* SOPHRONIA GRANGER & another, administrators.

Hampshire. Sept. 16. — Oct. 26, 1885. FIELD, C. ALLEN, & GARDNER, JJ., absent.

A will made several specific devises and bequests; in the fourth clause it gave to trustees a certain sum to be held upon certain trusts therein defined; in the tenth clause it gave to the trustees the residue of the estate remaining "after paying all previous bequests and legacies" upon certain trusts therein named, different from those created by the fourth clause; and appointed one of the trustees executor. The executor rendered a first and second account, both of which were approved, seven years after the will was proved, in which he credited himself with having paid to the trustees under the fourth clause the trust fund therein named. The trustees rendered an account four years later, which was allowed, and in which they charged themselves with said trust fund, and with yearly interest thereon for nine years, and credited themselves with the payment of such interest to the *cestuis que trust.* The second account of the executor, which was not a final account, showed a certain balance due him from the estate; and he has continued to act as executor since. An action upon the bond given to the judge of probate by the trustees was referred to an assessor, to ascertain the amount for which execution should issue. The assessor found that the trustees had misappropriated a large part of the trust fund and of the income thereof, which, with interest, amounted to a certain sum, for which execution ought to

issue, and that the sum which by the executor's second account appeared to be due him from the estate should not be deducted. *Held*, that execution should issue for the amount found due by the assessor, with interest to the date of the execution.

Morton, C. J. This is an action on a probate bond. After the decision in this case reported in 136 Mass. 174, the case was referred to an assessor, to ascertain the amount for which execution ought to issue.

The assessor has found that the trustees under the fourth clause of the will of Cotton Smith have misappropriated a large part of the trust fund and of the income thereof, which, with interest to April 18, 1885, amounted to $12,836.77; and that execution ought to issue for that sum. The defendants contend that there should be deducted from the amount found due by the assessor the sum of $6236.53.

To understand this claim, it is necessary to refer to the will, and to some of the facts which appeared before the assessor. The will makes several specific devises and bequests, and, in the fourth clause, gives to George C. Smith and John W. Smith the sum of $10,500, to be held upon certain trusts therein defined, for the benefit of children and grandchildren of the testator. The tenth clause gives to George C. Smith and John W. Smith " all the rest, residue, and remainder of my estate, both real and personal, which may remain after paying all previous bequests and legacies," upon certain trusts therein named, different from those created by the fourth clause. The eleventh and last clause appoints George C. Smith executor. The will thus creates two independent trusts. The trust under the fourth clause must be established by the payment by the executor of the sum of $10,500 before the rest and residue, which is to form the body of the trust under the tenth clause, can be ascertained. The will was proved on August 7, 1860.

The executor rendered a first and a second account, both of which were approved on July 2, 1867, in which he credited himself with having paid to the trustees under the fourth clause the trust fund of $10,500. The said trustees rendered an account, allowed on July 24, 1871, in which they charged themselves with $10,500 received as the body of the trust, and with yearly interest thereon for nine years, and credited themselves with the

payment of such interest to the *cestuis que trust*. We think this account is conclusive, as between the *cestuis que trust* and the trustees, and estops the trustees from now denying that they have received the trust fund. This would be clear if the trustees under each clause and the executor had been different persons. But the defendants contend that the rule does not apply in this case, because the second account of the executor shows that there was a balance due him of $6236.53; that is, that, in order to establish this trust fund, he had paid, to that amount, more than he had received from the estate. Their argument is, that the two clauses of the will are to be regarded as creating one trust, to be administered by the same trustees; that the executor has a claim against the estate which he ought to be entitled to enforce against the residue devised in trust by the tenth clause; and that, if the sureties are obliged to pay the amount found by the assessor, the result will be that the trust estate is actually increased by the amount due the executor. If all the facts assumed in the argument were true, it would be inequitable for the sureties of the former trustees to be compelled to pay this amount.

If there is a balance due the executor, which he can enforce out of the residue, to the diminution of the corpus of the trust fund held under the tenth clause, it would seem to be just that, in some form of remedy, the trustees should be required to transfer to the fund under the fourth clause the sum due the executor, and thus reduce the amount which the sureties upon the bond of the trustees should reimburse to the trust estate ; but, even then, it is difficult to see how all the equities between the parties could be adjusted in this action, which is an action at law upon the bond, to which the executor, as such, is not a party. But the difficulty with the defendants' argument is, that it has no foundation in the facts proved.

It appears that, when the executor filed his second account, in July, 1867, there was a balance due him of $6236.53. This was not a final account; the estate was unsettled, and he has continued to act as executor to this day. If there is a balance now due him, it is susceptible of proof. Certainly we cannot assume it to be so without further proof.

Upon the facts as they stand, the case is, that the trustees have appropriated to their own use the trust funds to the amount

found by the assessor, and they show no reason why, in equity and good conscience, they should not repay this amount. The result is, that execution should issue for the amount found due by the assessor, with interest to the date of the execution.

*Exceptions overruled.*

*D. W. Bond*, for the defendants.
*J. C. Hammond*, for the plaintiff.