LEMUEL CLARK, administrator, & others, *vs.* FLORA M. HOLBROOK & another.

Suffolk.    February 1, 1888. — March 3, 1888.

Present: MORTON, C. J., DEVENS, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Bond — Administrator — Action — Equity — Heir — Real Estate — Equitable Attachment — Practice — Parties to Action — Misjoinder — Amendment.*

A bond for support is not extinguished because the obligor's administrator is also the obligee's administrator, who in his latter capacity may sue the obligor's heir for sums that he could not in his former capacity use for the obligee's support.

The administrator of the obligor on a bond for support being ordered to retain a sum in his hands for such support unless a bond was given to expend it for that purpose, the guardian of the obligor's heir gave bond, and the sum was so expended, proving insufficient. The administrator and various creditors of the obligee thereupon brought a bill in equity against the heir and the guardian to reach and apply the obligor's real estate in payment of their claims. *Held,* on demurrer, that the administrator's remedy was by an action at law on the bond, and that of the creditors, if any, by charging the heir as trustee in a proceeding against the administrator. *Held, also,* that the misjoinder was a formal defect that might be cured by amendment.

BILL IN EQUITY, by the administrator and various creditors of Ruth Holbrook, against the sole heir of Joel Holbrook, and her guardian, to reach and apply to the payment of their claims certain real estate conveyed to Joel Holbrook upon his giving a bond conditioned to provide " all things necessary " for the " convenience, comfort, and necessity " of Ruth Holbrook so long as she might live. The defendant demurred to the bill for want of equity. At the hearing in the Superior Court the

demurrer was sustained and the bill dismissed; and the plaintiffs appealed to this court. The facts appear in the opinion.

*J. V. Beal*, for the defendants.

*N. C. Berry*, for the plaintiffs.

HOLMES, J. Joel Holbrook executed a bond to his mother, Ruth, conditioned for her support, and afterwards died in her lifetime. Lemuel Clark was appointed his administrator, and on Ruth's petition was ordered to retain the money remaining in his hands, namely, $710.45, for her support, unless bond was given to expend the same in support of her if necessary. Lydia Holbrook, guardian of Joel's only child, Flora, thereupon gave bond. The sum was expended for the purpose mentioned, but was not sufficient. Ruth died, Clark was appointed her administrator, and the question which is intended to be presented, and which counsel desire us to consider, is whether, as such administrator, he can reach the real estate of Joel in a suit against Joel's heir.

The fact that Clark, when appointed administrator of Ruth, the obligee, was already the administrator of Joel, the obligor, did not extinguish the bond, nor prevent a suit by Clark against Joel's heir for whatever sums Clark could not have appropriated to Ruth's support as Joel's administrator. Y. B. 12 Hen. IV. 21, pl. 11. *Woodward* v. *Darcy*, Plowd. 184, 185. *Wankford* v. *Wankford*, 1 Salk. 299, 304. See *Cock* v. *Cross*, 2 Lev. 73; *S. C.* 3 Keb. 116, and 1 Freem. 49.

We are of opinion that Clark's right to proceed against Joel's heir was not extinguished by what took place in the Probate Court. Assuming that § 8 of the Gen. Sts. c. 97, (Pub. Sts. c. 136, § 13,) applies to such a case as this, that section looks to the executor's retaining assets already in his hands. It does not contemplate the court's ordering him to sell real estate to meet the liability when it shall accrue. Still less does it contemplate such a sale to meet the chance of a liability which may never be incurred. Therefore it is not intended to bar a resort to the real estate in case the personal estate is retained and exhausted.

Turning to the sections which regulate the liability of heirs, the right to recover against them is given by the Gen. Sts. c. 101, § 32, to "a creditor whose right of action accrues after

the expiration of said time of limitation, and whose claim has not been presented to the Probate Court, or if presented has not been allowed." (§ 27 of the Pub. Sts. c. 136, reads " whose claim could not legally be presented." *Pratt* v. *Lamson*, 128 Mass. 528.) It is plain that a claim which could not. be allowed or provided for in full, as it turns out, for the reasons which we have mentioned, is within the spirit, if not within the letter, of this section, and it is within the letter of § 31 (Pub. Sts. c. 136, § 26), which expresses the general intent of the following pro-visions. By that section the heirs " shall be liable, in the man-ner provided in the following sections, for all debts which could not have been sued for against the executor or administrator, and for which provision is not made in chapter ninety-seven," which we have just considered.

Whatever might have been the effect if a bond had been given for the payment of the demand, as provided in Gen. Sts. c. 97, § 8, in this case, according to the bill, the bond was only to expend the $710.45 for Ruth's support. That has been done, the condition of the bond has been satisfied, and whether or not a claim the existence of which is contingent on the claimant's remaining alive is within the provisions of § 8, and whether, if that section applied, it was followed or not by giving such a bond as is alleged to have been given, the parties now stand exactly as if no bond had been given, and the money had been retained and spent.

There are some defects in the proceedings which will make it necessary to sustain the demurrer; but as they seem to be only formal, they may be cured by amendment. The plaintiffs and their several causes of action are improperly joined; and Clark, the principal plaintiff, has no standing in equity. Clark's claim is a right to sue at law upon the bond. The liability of heirs is now governed wholly by statute. *Grow* v. *Dobbins*, 128 Mass. 271. *Grow* v. *Dobbins*, 124 Mass. 560. *Hall* v. *Bumstead*, 20 Pick. 2. *Royce* v. *Burrill*, 12 Mass. 395. But, as at common law, it is a liability upon the contract of their ancestor. *Valen-tine* v. *Farnsworth*, 21 Pick. 176. *Russ* v. *Alpaugh*, 118 Mass. 369, 379. Gen. Sts. c. 101, §§ 31 *et seq.* Pub. Sts. c. 136, §§ 26 *et seq.* See *Norcross* v. *James*, 140 Mass. 188, 189. In this case there is only one person liable for the debt, and there-

fore the jurisdiction in equity given by the Gen. Sts. c. 101, § 34, (Pub. Sts. c. 136, § 29,) does not exist. On the other hand, the other plaintiffs have no right of action on the bond, or otherwise directly against the heir. Their only rights, if any, are severally to charge the heir as trustee in a proceeding against Clark.

Again, Clark's right is only to recover the amount reasonably necessary for the "convenience, comfort, and necessity" of Ruth so long as she lived, in excess of what has been paid by Joel's estate. The bill does not allege in terms that any sum above what was paid was necessary. The debts incurred by Ruth, and alleged to be due, may or may not be evidence of the amount necessary for her support, but they are nothing more.

*Demurrer sustained.*