WILLIAM T. FORBES, Judge of Probate, *vs.* LEONARD HARRINGTON & another.

Worcester.   October 7, 1897. — June 7, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Liability of Heirs, Devisees, etc., after Settlement of an Estate — Statute — Master's Report — Evidence as to Settlement of Estate — Sureties on First Bond not Discharged by Filing of Second Bond.*

The words "the settlement of an estate," in Pub. Sts. c. 136, § 26, mean such an actual settlement of it that the plaintiff could not have obtained full satisfaction of his claim against the estate under the preceding provisions of the chapter by any proceeding against the executor or administrator if he had used the diligence which the statutes require.   But if none of the remedies under the preceding provisions of the chapter were open to him, or would have enabled him to recover his claim in full, and he has used due diligence, then his remedy to recover what is due is under § 26 and the following sections, to the extent of the real or personal property that have been received by the heirs, next of kin, devisees, and legatees; and in order to proceed under this section it is not necessary that the settlement of the estate by an administrator or executor should

formally appear in the records of the Probate Court, but, if an executor or administrator has been properly appointed and qualified, and has given notice of his appointment, the fact that the estate has been fully administered or has been actually settled may be shown by any competent evidence.

Where a master reports that the only evidence showing any property personal or real that ever came into the hands of L., executor of the estate of S., was the inventory filed in the Probate Court, which showed no personal estate, the plaintiff's exceptions thereto, on the ground that the master did not find that no personal property ever came into the hands of L. as executor of the will of S., and, the time having expired for bringing actions against the executor, did not find that the estate was settled within the meaning of Pub. Sts. c. 136, § 26, but found that the estate "still remains unsettled," must be sustained; and, unless the parties desire to offer evidence on the subject, it should be found and ruled that the estate has been settled within the meaning of Pub. Sts. c. 136, §§ 26 *et seq.*

The sureties on the first bond of a guardian are not discharged by the filing of a second voluntary bond.

BILL IN EQUITY, brought under Pub. Sts. c. 136, §§ 26 *et seq.*, to reach real estate of Samuel P. Harrington, a deceased surety on a probate bond, in the possession of Leonard Harrington, devisee for life, and of William T. Harrington, devisee in remainder.

Hearing before *Holmes*, J., who entered a decree dismissing the bill, and, the plaintiff having appealed, reported the case for the determination of the full court.

*T. G. Kent*, for the plaintiff.

*W. B. Harding*, for the defendants.

FIELD, C. J. The justice of this court by whom this suit was heard and reported found that the right of the plaintiff to recover has been established "except so far as the contrary appears in this report," and he ruled that there had been no settlement of the estate of Samuel P. Harrington within the meaning of Pub. Sts. c. 136, §§ 26 *et seq.*, and entered a decree dismissing the bill, from which the plaintiff appealed.

Samuel P. Harrington died on February 23, 1887, leaving a will which was duly admitted to probate on March 22, 1887, in which he devised to Leonard Harrington, Fred L. Harrington, and William T. Harrington certain interests in real estate which he owned in Worcester in this Commonwealth. Leonard Harrington was appointed executor, and gave a bond as such, without sureties, on March 22, 1887, and on the same day letters testamentary were issued to him. On April 17, 1888, Leonard Harrington filed his affidavit that he had given due notice of his

appointment as executor, and on the same day filed an inventory of the estate of said testator. The inventory shows real estate of the estimated value of $36,000, but no personal property. The records of the Probate Court show no further proceedings in the settlement of the estate. There was no evidence before the master that any personal property belonging to the estate of Samuel P. Harrington ever came into the hands of Leonard Harrington as executor, or that any suit ever had been brought against the estate. The report of the justice of this court recites that the master's report " does not show any evidence " of any debts against the estate.

The present bill was brought, under Pub. Sts. c. 136, §§ 26 *et seq.*, against Leonard Harrington and William T. Harrington as devisees of Samuel P. Harrington, Fred L. Harrington not being resident within this Commonwealth, and not being within reach of the process of the court. The bill was brought upon a probate bond given on December 10, 1884, in the penal sum of $21,000, by Charles I. Rawson, guardian of William F. Hervey, an insane person, as principal, and said Samuel P. Harrington, with others, as sureties. Rawson was on March 7, 1894, removed by the Probate Court from such guardianship, and Francis H. Dewey was appointed guardian in his place. Rawson as such guardian filed his final account in the Probate Court on June 26, 1894, and after a hearing he was charged with a balance of $14,467.14, and on appeal to the Supreme Judicial Court the amount for which he was held chargeable was by a decree entered in that court on November 27, 1894, determined to be $8,821.14. A copy of this decree was filed in the Probate Court on December 6, 1894. Although a demand was made upon Rawson for the payment of this sum, it was not paid.

The present bill in equity was inserted in a writ dated December 24, 1894, which was within one year after the right of action accrued to the plaintiff, and the time had long before expired within which an action could be commenced against the executor of the estate of Samuel P. Harrington. Leonard Harrington has been and still is in possession of the real estate devised to him for life by the will of Samuel P. Harrington, and has collected the rents and profits.

It is at least doubtful whether the claim of the plaintiff could

have been legally presented to the Probate Court under Pub. Sts. c. 136, § 13, until it had accrued. Our decisions indicate, although the exact question has not been decided, that the possible liability of a surety on a probate bond for a breach of his principal which has not been ascertained or may not have occurred is not a claim that " is or may become justly due " within the meaning of that section, until it has been definitely established. *Bullard* v. *Moor*, 158 Mass. 418. *Ames* v. *Ames*, 128 Mass. 277. It would be difficult, if not impossible, for a Probate Court on an application under that section to determine whether there might not be breaches of a probate bond in the future, or whether there may not have occurred breaches in the past, unless some action determining this fact had been taken in the estate in which the bond was given. Two years from the date of the bond given by Leonard Harrington as executor expired on March 22, 1889, and the liability as surety of Samuel P. Harrington on the bond given by Rawson as guardian was not finally determined until November 27, 1894. The only possible reason, therefore, why the plaintiff cannot maintain this suit, as the presiding justice of this court has found, is that there has been no settlement of the estate of Samuel P. Harrington by the executor, within the meaning of Pub. Sts. c. 136, §§ 26 *et seq.*, or that a second bond given by Rawson as guardian after the death of Samuel P. Harrington was a substitute for the first bond given by him. If the meaning of the Pub. Sts. c. 136, § 26, is that there must be a formal settlement of the estate of Samuel P. Harrington in the Probate Court by the rendering of a final account and the adjudication of the Probate Court thereon showing of record a settlement of the estate, then there has been no settlement of the estate, and the plaintiff cannot maintain this suit. Leonard Harrington as devisee of the real estate is interested in not rendering any such final account, and, if on being required to do so he had refused, one incidental question is what would be the remedy. The usual remedy would be by a suit on his bond as executor, in which judgment would be rendered for the penal sum of the bond, and execution would issue for what is equitably due. If in such a suit he or the sureties on his bond proved that there was no personal property of the estate of Samuel P. Harrington which came or could have come into his hands as

executor, and that it was not his duty as executor to sell the real estate, the execution would issue for only nominal damages. Is the bringing of such a suit, and the recovery of judgment and the issuing of an execution for nominal damages, a settlement of the estate within the meaning of Pub. Sts. c. 136, § 26?

So far as we are aware, it never has been decided, although it may perhaps be true that, if an executor, administrator, or guardian refuses to obey an order of the Probate Court requiring him to render an account, he may be adjudged in contempt, and committed to jail until he shall comply with the order. Would committing an executor to jail on his refusal to render a final account be a settlement of the estate, within the meaning of Pub. Sts. c. 136, § 26? It also has been intimated but never decided that a final account may be taken, although an executor persists in his refusal to render such an account, in much the same manner as an account in equity is taken when a defendant refuses to appear and the bill is taken for confessed against him. See *Murray* v. *Wood*, 144 Mass. 195. Is the taking of an account in this manner a settlement of the estate within the meaning of the statute? Can an executor who is also a devisee in such a case as the present escape all liability as devisee by simply refusing to render a final account in the Probate Court, and persisting in his refusal until a year has expired from the time when the cause of action of the plaintiff accrued?

The general scheme of our statutes for the recovery by creditors of debts against the estate of a deceased person is intelligible enough. In general, heirs, devisees, next of kin, and legatees are not to receive and hold any part of the estate unless the debts are paid. When an estate is not represented as insolvent, the creditors must bring suit against an executor or administrator after one year and within two years from the time of giving his bond, if due notice of his appointment has been given. Certain exceptions to this requirement are found in Pub. Sts. c. 136, §§ 10–12, which are not applicable to the present case. After one year from his giving bond an executor who has given due notice of his appointment may safely proceed to pay the debts of the estate, if he has received no notice of the existence of demands which authorize him to represent it insolvent. An application under Pub. Sts. c. 136, § 13, may be made, " at any time before

the estate is fully administered" for the retention of sufficient assets to satisfy claims which do not accrue within two years from the time of giving the administration bond, unless some person interested will give a bond to satisfy such claim if it is proved to be due, and an action may be brought within one year after the claim becomes payable, or within one year after the final determination of the proceedings on appeal, against the executor or administrator, if they are ordered to retain assets, or upon the special bond, if one is given. The section probably relates only to the retention of personal assets. *Clark* v. *Holbrook*, 146 Mass. 366. Under this section, in order to defeat the application, can an administrator or executor show that in fact no personal estate has come into his hands, or that he has paid it out to the persons entitled to it according to law before the application was made? An order requiring an executor to retain in his hands a certain amount of the personal assets of course would be unavailing if there were no such assets. An estate in fact is often fully administered although the record of it may not appear in the Probate Court, and as the record of the Probate Court shows only what has been done, even when the final account as rendered is approved, the action approved necessarily must have taken place some time before the approval of it by the court. *Lincoln* v. *Aldrich*, 141 Mass. 342.

The general purpose of our statutes is that the settlement of the estates of deceased persons should not be unnecessarily delayed, and the general purpose of Pub. Sts. c. 136, §§ 26 *et seq.*, is that, if a person from the nature of his claim against the estate has had no opportunity of fully enforcing it against the estate in the hands of the executor or administrator by any of the methods thereinbefore provided, he should have an opportunity of recovering what is due to him from the heirs and next of kin if the estate was intestate, or from the devisees and legatees of a testate estate to an amount not exceeding the value of the real or personal property that had been received from the estate, but the action must be commenced within one year after the right of action accrued. In such a case as the present, the executor could not have been licensed to sell real estate in order to pay the present claim. *Tarbell* v. *Parker*, 106 Mass. 347. *Ames* v. *Jackson*, 115 Mass. 508.

*Brooks* v. *Raynor*, 127 Mass. 268, in some respects resembles

the case at bar. In that case, however, the defendant demurred to the bill, and the bill alleged, among other things, that the executor of the estate of Lilley Eaton, who was one of the sureties on a guardian's bond, "still holds a large portion and nearly all of the property of the testator, more than sufficient to satisfy the plaintiff's claim," and it was held that the plaintiff's remedy was under Gen. Sts. c. 97, § 8, which is now, after amendment by St. 1879, c. 71, Pub. Sts. c. 136, § 13. The estate of the testator had not been in fact fully administered, and there was apparently an adequate remedy under that section. Of that section in the Public Statutes the court in *Clark* v. *Holbrook, ubi supra,* say, "That section looks to the executor's retaining assets already in his hands. It does not contemplate the court's ordering him to sell real estate to meet the liability when it shall accrue. Still less does it contemplate such a sale to meet the chance of a liability which may never be incurred. Therefore it is not intended to bar a resort to the real estate in case the personal estate is retained and exhausted."

*Grow* v. *Dobbins,* 124 Mass. 560, was an action at law, and it is said in the opinion that "the plaintiff did not allege or prove that the estate of the intestate had been settled when his right of action accrued. If it had not, the plaintiff had a remedy under the Gen. Sts. c. 97, §§ 8, 9," etc. But if there were no personal assets in fact in the hands of the administrator, either because none had been received or because all the assets in his hands had been lawfully paid to the persons entitled to them, it is difficult to see what remedy the plaintiff had under these sections of the statutes. In that case the court below ruled that the action could not be maintained, for the reason that the plaintiff's remedy was by bill in equity, and because the evidence did not show the case to be within the statute. The plaintiff accordingly brought a bill in equity. *Grow* v. *Dobbins,* 128 Mass. 271, was the bill in equity, but the bill did not allege that the estate of William Dobbins had either been fully administered or settled; the answer alleged that the estate of William Dobbins "was not fully administered." A single justice dismissed the bill, on the ground "that it did not allege, nor did it appear at the hearing, that the estate had been settled when the bill was filed." On this ground the exceptions were overruled. In none of these cases is it con-

sidered or determined what constitutes a settlement of an estate, within the meaning of Pub. Sts. c. 136, §§ 26 *et seq.* See also *Hammond* v. *Granger*, 131 Mass. 351. *Allen* v. *Dean*, 148 Mass. 594, relates to the construction of a will.

The meaning of the words "after the settlement of an estate," etc., in the first part of § 26, chapter 136, of the Public Statutes, must be construed with reference to other provisions in the same chapter, and to other clauses in the same or the following sections, as has been noticed in *Clark* v. *Holbrook, ubi supra.* The history of the section shows that the words were first used in the Revised Statutes. Gen. Sts. c. 101, § 31, Rev. Sts. c. 70, § 13, and the Commissioners' Notes. St. 1788, c. 66, § 5. The debts for which the heirs, next of kin, devisees, or legatees are to be held liable are declared in said § 26 to be "all debts for which suits could not have been brought against an executor or administrator, and for which provision is not made in the preceding provisions of this chapter." The beginning of § 27 is as follows: "A creditor whose right of action accrues after the expiration of said time of limitation, and whose claim could not legally be presented to the Probate Court, or whose claim, if presented, has not been allowed, may, by action commenced within one year next after the time when such right of action accrues, recover," etc. The reference to a claim which could not legally be presented to the Probate Court, or, if presented, has not been allowed, plainly refers to § 13 of the same chapter. It would unnecessarily delay the settlement of estates to hold that the Probate Court could order an executor or administrator to retain personal assets to the amount of the penal sums of all the probate bonds on which the deceased was a surety when it had not been determined that there had been a breach of the condition of the bonds. But if application could be made under that section, it might be that the executor or administrator never had received any personal assets, or, if he had, had paid them out to the persons entitled to them, perhaps in payment of preferred debts; or that all the personal assets which came into his hands, or were in his hands at the time when the application was made, were insufficient in amount for the ultimate satisfaction of the claim presented.

We think that the words "the settlement of an estate," in

Pub. Sts. c. 136, § 26, mean such an actual settlement of it that the plaintiff could not have obtained full satisfaction of his claim against the estate under the preceding provisions of the chapter by any proceeding against the executor or administrator if he had used the diligence which the statutes require. But if none of the remedies under the preceding provisions of the chapter were open to him, or would have enabled him to recover his claim in full, and he has used due diligence, we think that then his remedy to recover what is due is under § 26 and the following sections, to the extent of the real or personal property that has been received by the heirs, next of kin, devisees, and legatees; and that in order to proceed under this section it is not necessary that the settlement of the estate by an administrator or executor should formally appear in the records of the Probate Court, but that, if an executor or administrator has been properly appointed and qualified, and has given notice of his appointment, the fact that the estate has been fully administered or has been actually settled may be shown by any competent evidence. Pub. Sts. c. 136, § 26, in terms requires only a settlement of the estate, and not that the settlement should appear of record in the Probate Court.

We are of opinion that the ruling of the presiding justice was erroneous on this part of the case, because, as we infer, it proceeded on the theory that a final settlement of the estate of record in the Probate Court was necessary as a condition precedent to the maintenance of the suit.

The plaintiff's counsel filed objections and exceptions to the master's report, on the ground that the master did not find that no personal property ever came into the hands of Leonard Harrington as executor of the will of Samuel P. Harrington, and did not find that said estate was settled within the meaning of Pub. Sts. c. 136, § 26, but found, if under the rule of reference to him he had the power so to find, that the estate " still remains unsettled"; and he requested the master to report all the evidence on the subject, including the inventory filed by said Harrington. The master reported: " The only evidence before me showing any property, personal or real, that ever came into the hands of Leonard Harrington, executor of the estate of Samuel P. Harrington, was the inventory filed in the Probate

Court, a copy of which is hereto annexed," and the inventory annexed showed no personal estate.   We think that the plaintiff's exceptions to the master's report should be sustained, and that, unless the parties desire to offer further evidence on this subject, it should be found and ruled that the estate of Samuel P. Harrington has been settled, within the meaning of Pub. Sts. c. 136, §§ 26 *et seq.*

The next question relates to the effect of the filing of a second bond by Rawson as guardian, after the death of Samuel P. Harrington.   The provisions of statute on this subject are found in Pub. Sts. c. 143, §§ 5–8.   It does not appear that the second bond was filed in pursuance of these provisions of statute, and on the evidence reported by the master it must be found to be a voluntary bond, and it must be held that the sureties on the first bond were not discharged by the filing of the second bond. *Brooks* v. *Whitmore*, 142 Mass. 399.   *Loring* v. *Baker*, 3 Cush. 465.

The decree dismissing the bill should be reversed, and unless the parties desire to offer further evidence on the questions whether any personal assets ever came into the hands of the executor of the will of Samuel P. Harrington, or whether at the time when the plaintiff's cause of action accrued there were personal assets in the hands of the executor which he might have been ordered to retain under Pub. Sts. c. 136, § 13, there should be a decree for the plaintiff.                    *Ordered accordingly.*