ARA ERESIAN, JR. *vs.* MARJORIE E. MATTEI, administratrix.[1]

No. 99-P-940.

Worcester. May 8, 2001. - June 27, 2001.

Present: BROWN, DREBEN, & DUFFLY, JJ.

*Limitations, Statute of. Executor and Administrator,* Proceedings commenced after death of decedent, Claims against estate, Accounts, Short statute of limitations.

A Probate Court judge properly dismissed a petition filed pursuant to G. L. c. 197, § 13, by a creditor of a deceased, seeking the retention of sufficient assets to satisfy claims that had not accrued within one year after the death of the deceased, where the estate of the deceased had been fully administered within the meaning of § 13 and all the assets had been distributed by the time the creditor's claims accrued. [20-21]

There was no merit to the challenges by a creditor of a deceased to the allowance of the administratrix's first and final account. [21]

CIVIL ACTION commenced in the Worcester Division of the Probate and Family Court Department on December 9, 1997.

The case was heard by *Susan D. Ricci,* J., on motions to dismiss, for enlargement of time, and for relief from judgment.

*Laura Hancock Barry* for the plaintiff.

*James R. DeGiacomo (Susan J. Baronoff* with him) for the defendant.

DREBEN, J. This case concerns the interpretation of G. L. c. 197, §§ 13 and 14, sections of long standing[2] which apply to creditors of a deceased whose claims do not accrue within one year after the death of the deceased. A judge of the Probate Court ruled that the plaintiff failed to comply with the provisions, and on the motion of the defendant, dismissed the

---

[1] Of the estate of Alfred J. Mattei.

[2] The earliest version of § 13 appears in St. 1788, c. 66, and the earliest version of § 14 appears in R.S. 1836, c. 66, § 6. Each of the early enactments is remarkably similar to the present statute.

plaintiff's action. This appeal by the plaintiff followed. We affirm the dismissal.

Before discussing in detail the provisions involved here, it may be helpful to provide an outline (without the exceptions and qualifications) of the statutory limitations for the recovery of debts of a deceased person. There is a short statute of limitations, G. L. c. 197, § 9(*a*), which requires creditors to bring an action against the executor or administrator within one year after the date of death of the deceased. For claims which have not yet accrued, a creditor, at any time before the estate is "fully administered," may make application under G. L. c. 197, § 13, to the Probate Court for the retention of sufficient assets to satisfy those claims. Such claims shall not be conclusive against the executor unless the creditor brings an action under § 14, in a court having jurisdiction of such claims — usually not the Probate Court — within one year after the claim becomes payable. After the "settlement" of an estate, a creditor may, within one year after the right of action accrues, recover such claim against the distributees of the decedent's estate. G. L. c. 197, § 28. The general purpose of these provisions "is that the settlement of the estates of deceased persons should not be unnecessarily delayed." *Forbes* v. *Harrington*, 171 Mass. 386, 391 (1898). See *Flannery* v. *Flannery*, 429 Mass. 55, 57 (1999). Here, we are concerned, as indicated earlier, with the provisions of c. 197, §§ 13 and 14.

The facts are not contested. Alfred J. Mattei (Alfred) died on May 6, 1985. Prior to his death, he executed three promissory notes payable to the plaintiff.[3] Their face amount totaled $40,000 and each bore interest at the rate of twelve percent per year. One of the notes came due in February, 1993; one in November, 1994; and the third in December, 1994.

On December 9, 1997, the plaintiff, pursuant to G. L. c. 197, § 13, filed a petition to require the defendant to retain sufficient assets to pay the notes plus interest or to post an indemnity bond. The first sentence of § 13 provides:

---

[3] In her memorandum of decision, the probate judge noted that, according to the plaintiff, the original notes had been stolen. In their stead, the plaintiff submitted copies together with an accompanying affidavit. In this proceeding, no one has seriously contested the validity of the notes, although in her answer, the defendant claimed that the debt, if it ever existed, had been paid.

"A creditor of the deceased, whose right of action shall not accrue within one year after the date of death of the deceased, may present his claim to the probate court at any time before the estate is fully administered; and if, upon examination thereof, the court shall find that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same."

The remainder of the section is set forth in the margin.[4,5]

At the time of the plaintiff's petition, no account had been filed or allowed. A first and final account was ordered by a probate judge on June 4, 1998.[6] Before the account was filed, the defendant successfully moved to dismiss the petition. A final account was filed in September, 1998. The account covered the period May 17, 1985 to December 28, 1988 and showed, as had been alleged in the defendant's previous filings, that all the assets had been distributed by December 28, 1988, approximately nine years before the plaintiff filed the petition pursuant to § 13.

1. *General Laws c. 197, § 14.* In allowing the motion to dismiss the plaintiff's petition under § 13, the probate judge relied on § 14. Ruling that the plaintiff's reliance on § 13 was

---

[4]The remainer of § 13 provides:

"But if a person interested in the estate offers to give bond to the alleged creditor with sufficient surety or sureties for the payment of his claim if it is proved to be due, the court may order such bond to be taken, instead of requiring assets to be retained as aforesaid. If because of partial distribution already made, or because of inability to sell the real estate of the deceased, the executor or administrator shall be unable to retain sufficient assets to satisfy the claim in full as finally established, the creditor may enforce his claim for the balance under section twenty-nine within nine months from the final settlement of said estate or from the time when the amount of said balance is finally determined."

[5]The plaintiff and the defendant each cite the current statute, but note that at the time of Alfred's death, St. 1976, c. 515, § 18, was in effect which, instead of containing the language "within one year after the date of death of the deceased," contained language to comport with the then-applicable short statute of limitations. As both parties acknowledge that the difference in statutory language has no bearing on this case, we follow their example and also cite to the current statute.

[6]That order, however, does not appear on the Probate Court docket.

misplaced, she noted that § 13 was merely a means of securing funds to cover an alleged debt and avoiding the short statute of limitations. For the adjudication of the validity of the debt, the governing statute was § 14, not § 13, and the plaintiff failed to bring his action within the period prescribed by § 14, that is, one year after his claim became payable. Section 14 is set forth in the margin.[7] The judge thus denied relief under § 13 because the plaintiff was unable to comply with the time requirements of § 14.

The plaintiff argues he is not time barred because he had taken an appeal from the judge's denial of his § 13 application, and § 14 states that "if an appeal is taken from the decision of the probate court," a plaintiff has "one year after the final determination of the proceedings thereon." This construction of the statute is without merit. As explained in *Forbes* v. *Harrington*, 171 Mass. at 390-391, discussing Pub. Sts. 1882, c. 136, § 13, which contained the same language now relied on by the plaintiff, "an action may be brought within one year after the claim becomes payable, or within one year after the final determination of the proceedings on appeal, against the executor or administrator, if they are ordered to retain assets, or upon the special bond, if one is given." The additional time thus applies only in the case where the *executor or administrator* appeals from an order of the Probate Court ordering retention of assets.

Although we reject the plaintiff's construction of § 14, we need not consider whether the probate judge was correct in denying the application under § 13, on the ground that the

---

[7]Section 14 provides:

"The decision of the probate court upon the claim of such creditor shall not be conclusive against the executor or administrator or other person interested to oppose the allowance thereof, and he shall not be compelled to pay the same unless it is proved to be due in an action commenced by the claimant within one year after his claim becomes payable, or, if an appeal is taken from the decision of the probate court, in an action commenced within one year after the final determination of the proceedings thereon."

plaintiff's action appeared not to be viable in another court.[8] We base our decision on another ground. *Hawthorne's, Inc.* v. *Warrenton Realty, Inc.*, 414 Mass. 200, 210 n.6 (1993) (appellate court may affirm a judgment on grounds not relied on by the judge).

2. *General Laws c. 197, § 13.* We conclude that the petition was correctly denied because the estate had been "fully administered" within the meaning of § 13, and all the assets had been distributed. As pointed out in *Forbes* v. *Harrington*, 171 Mass. at 392, "if there were no . . . assets in fact in the hands of the administrator, either because none had been received or because all the assets in his hands had been lawfully paid to the persons entitled to them, it is difficult to see what remedy [a plaintiff has under the predecessors of §§ 13 & 14]."[9]

More recently this court stated, "[§ 13] assumes that the executor continues to have assets in his possession at the time the creditor's cause of action accrues which the executor can be ordered to retain; it has no application to the situation in which, as in the present case[], all the assets have been distributed by the time the creditor's claim accrues." *Cantor* v. *Newton*, 4 Mass. App. Ct. 686, 695 (1976).[10]

The plaintiff does not contend that there are assets remaining in the estate; rather, he argues that § 13 applies even where there are no assets if the claim is presented to the probate court "before the estate is *fully administered*." He interprets the

---

[8]Our hesitation stems from the fact that the judge's denial was based on her consideration of what would happen in another court. While there is little doubt that the administratrix in this case would resist the plaintiff's claim, the Probate Court is not the usual venue for such an action. It is possible, although not probable, that in some cases the statute of limitations may not be raised, or that resort to § 14 may not be necessary, for example, if relief is obtained under c. 197, § 10, or because an executor who has retained assets has obtained the consent of the beneficiaries to pay a late-filed claim.

[9]The statutes discussed in *Forbes* v. *Harrington* were Gen. Sts. c. 97, §§ 8 & 9, and their successors, Pub. Sts. 1882, c. 136, §§ 13 & 14. The difference between those statutes and the current §§ 13 & 14 is insignificant and not material to this case.

[10]The plaintiff's alternate request for a bond is not authorized by § 13. Only where a person interested in the estate "offers to give bond" to the creditor may a judge order a bond. See note 4, *supra*.

italicized language to mean before the final account of the administratrix has been allowed. As early as *Forbes* v. *Harrington*, 171 Mass. at 391, that claim was rejected in the context of these statutes.

> "An order requiring an executor to retain in his hands a certain amount of the personal assets of course would be unavailing if there were no such assets. An estate in fact is often fully administered although the record of it may not appear in the Probate Court, and as the record of the Probate Court shows only what has been done, even when the final account as rendered is approved, the action approved necessarily must have taken place some time before the approval of it by the court."[11]

Although the plaintiff cites *Flannery* v. *Flannery*, 429 Mass. 55, in support of his position, there is nothing to suggest that the executor in that case did not hold assets of the estate. Indeed, the court noted, *id.* at 56, that the probate judge had ordered the legal representative to reserve sufficient assets to satisfy the claim and that the estate had not yet been settled.

3. *Plaintiff's appeal from the allowance of the defendant's first and final account.* The plaintiff's challenges to the account are without merit. Under our decision he is not entitled to proceed against the estate. Moreover, he received proper notice by publication under G. L. c. 206, § 24, and had actual notice of the filing of the account. His constitutional objection to the statute was raised for the first time on appeal, and he has alleged nothing rising to the level of fraud or manifest error. See G. L. c. 206, § 24.

4. *Conclusion.* The order dismissing the plaintiff's petition to retain assets is affirmed. The order allowing the first and final account of the administratrix is affirmed.

*So ordered.*

---

[11]*Forbes* v. *Harrington*, 171 Mass. at 394, also indicates that "the fact that the estate has been fully administered or has been actually settled may be shown by any competent evidence. Pub. Sts. c. 136, § 26 [now c. 197, § 28], in terms requires only a settlement of the estate, and not that the settlement should appear of record in the Probate Court." *Cantor* v. *Newton*, 4 Mass. App. Ct. at 695, is to the same effect.