JULIA M. EDMUNDS *vs.* JARVIS ROCKWELL, administrator.
JOAB EDMUNDS & others *vs.* SAME.

Berkshire. Sept. 10. — 23, 1878. AMES & SOULE, JJ., absent.

If the estate of a deceased person is represented insolvent, and commissioners are appointed to determine the claims of creditors presented to them, the real estate may, after the expiration of two years from the granting of letters of administration, rightly be ordered by the Probate Court to be sold for the payment of debts, proved before the commissioners within the two years.

APPEALS by the widow and heirs at law of Joseph Edmunds from a decree of the Probate Court, by which Jarvis Rockwell, the administrator *de bonis non* of Edmunds, was licensed to sell the real estate of his intestate, for the payment of debts. At the hearing, before *Colt,* J., the following facts appeared :

Joseph Edmunds died on April 20, 1875. His widow and one Crandall were appointed administrators on May 4, 1875, and gave bond and notice, as required by law, before June 1, 1875. The estate was represented insolvent, and on December 7, 1875, commissioners were appointed, whose report was allowed on May 1, 1877, showing a trifling amount due preferred creditors, and about $27,000 due to many general creditors of the estate. The administrators resigned, and Rockwell was appointed administrator *de bonis non* on October 5, 1876. He obtained a license to sell real estate to a specific amount for the payment of debts on January 1, 1877, under which license the greater part of the real estate of the intestate was sold, but the amount realized proved insufficient for the payment of all the debts. The

first account of administration was allowed on May 1, 1877, and on the same day a distribution of part of the assets among the creditors whose claims had been proved was decreed, by which the general creditors received ninety per cent. of their claims proved.

On September 4, 1877, the administrator *de bonis non* was fur-tner licensed, upon another petition, to sell the whole of the real estate of the intestate, for the payment of the balance of the debts proved before the commissioners, and from the decree granting this license the appellants appealed. The estate is in-solvent, and no new assets have come to the hands of the administrator.

The appellants contended that by the Gen. Sts. *c.* 97, § 5, the lien of the creditors upon the assets of the estate was discharged; and that a license to sell the real estate could not be legally granted to the administrator. The judge ruled otherwise; and ordered the decree of the Probate Court to be affirmed. The appellants alleged exceptions.

*T. P. Pingree,* for the appellants.

*J. Rockwell, pro se.*

GRAY, C. J. When the personal estate of a deceased person is insufficient to pay his debts, his executor or administrator may sell his real estate for that purpose, upon obtaining a license therefor. Gen. Sts. *c.* 102, § 1. The executor or administrator, having given bond and published due notice of his appointment, is not indeed liable to an action at law by any creditor, unless it is commenced within two years from the time of his giving bond, except in case of new assets received afterwards, or of a failure by defect in form or service of an action brought within the two years, or of a right of action accruing after the expiration of the two years and before the settlement of the estate. Gen. Sts. *c.* 97, §§ 5 *& seq. Blanchard* v. *Allen,* 116 Mass. 447. But if the estate is represented insolvent, the creditors may prove their debts against it before commissioners appointed for the purpose, and it is the duty of the Probate Court to order, and of the executor or administrator to make, distribution of the assets among the creditors to the extent of the claims proved; and the creditors cannot, after the representation of insolvency, maintain actions at law against him, unless upon a demand entitled to a

preference, or the estate proves solvent.   Gen. Sts. *c.* 99, §§ 2, 17, 19, 20, 25.

It is as much the duty of the executor or administrator, so far as the estate is sufficient for the purpose, to pay debts established by proof seasonably presented to commissioners, as to pay debts established by judgment in an action seasonably commenced against himself.   If there had been neither action brought nor commissioners appointed within the two years, the debts would have been wholly barred by the special statute of limitations, and therefore the real estate could not have been afterwards sold to pay them.   *Aiken* v. *Morse*, 104 Mass. 277.   *Tarbell* v. *Parker*, 106 Mass. 347.   But in the very cases in which it was so held it was clearly recognized that real estate might be lawfully sold after the expiration of the two years to pay debts which had been presented to commissioners within that time.   104 Mass. 279.   106 Mass. 349.   See also *Bacon* v. *Pomeroy*, 104 Mass. 577, 583; *Palmer* v. *Palmer*, 13 Gray, 326, 328; *Freeman* v. *Ward*, 16 Pick. 201; *Guild* v. *Hale*, 15 Mass. 455.   In the present case, the debts having been presented to commissioners and allowed by them within the two years, the real estate was rightly ordered to be sold for the payment of the debts so proved.                                              *Exceptions overruled.*