## CALEB PRATT *vs.* ANGELIA LAMSON.

Suffolk.    March 19. — April 19, 1880.    AMES & LORD, JJ., absent·

A promissory note, which matures more than two years after the giving of bond by the executor of the will of the deceased maker, is a debt for which provision is made in the Gen. Sts. *c.* 97, § 8; and, if the holder does not present his claim to the Probate Court under that section, he cannot maintain an action thereon against the legatees of the deceased under the Gen. Sts. *c.* 101, § 31.

CONTRACT against the defendant as residuary legatee under the will of Stephen G. Davis, upon a promissory note for $5000, dated July 15, 1874, signed by Davis, and payable to the plaintiff in three years from date, with interest. Writ dated July 13, 1878.

Trial in the Superior Court, without a jury, before *Putnam,* J., who ruled that the plaintiff could not recover; found for the defendant; and reported the case for the determination of this court. If the ruling was correct, judgment was to be entered for the defendant; otherwise, judgment for the plaintiff. The facts appear in the opinion.

*E. C. Gilman,* for the plaintiff.

*J. F. Colby,* for the defendant.

MORTON, J.    This action is brought under the Gen. Sts. *c.* 101, § 31, which provide that "after the settlement of an estate by an executor or administrator, and after the expiration of the time limited for the commencement of actions against him by the creditors of the deceased, the heirs, next of kin, devisees and legatees, of the deceased, shall be liable, in the manner provided in the following sections, for all debts which could not have been sued for against the executor or administrator, and for which provision is not made in chapter ninety-seven."

Section 32 provides that "a creditor whose right of action accrues after the expiration of said time of limitation, and whose claim has not been presented to the Probate Court, or if presented has not been allowed as provided in chapter ninety-seven, may, by action commenced within one year next after the time when such right of action accrues, recover the same against the heirs and next of kin of the deceased, and the devisees and legatees under his will; each one of whom shall be liable to the creditor to an amount not exceeding the value of real or personal estate that he has received from the deceased."

Section 31 defines and fixes the limits of the liability of heirs, devisees and legatees.

The object of the thirty-second and the succeeding sections is to provide the manner in which this liability may be enforced, and not to extend the liability. The language of § 32, "whose claim has not been presented to the Probate Court, or if presented has not been allowed as provided in chapter ninety-seven," taken literally, would include the case of a creditor having a debt for which provision is made in chapter ninety-seven, but who has neglected to avail himself of that provision. But, thus construed, it would be inconsistent with § 31. We are, therefore, of opinion that § 32 was intended to be limited to the cases of creditors who have not presented their claims to the Probate Court because not within the provisions of the ninety-seventh chapter, or, if within such provisions, whose claims have been presented and disallowed; and that it does not extend the liability of heirs, devisees or legatees to debts which, being within those provisions, have not been presented under them to the Probate Court.

The question in this case then is, whether the plaintiff's debt is a debt of the deceased "for which provision is not made in chapter ninety-seven." The testator died in April 1875. The first and final account of the executrix of his will was filed January 2, 1876, and was allowed by the court. The note in suit was signed by the deceased, and became payable on July 18, 1877. At the death of the testator, it was a debt due by him payable in the future. A right of action did not accrue upon it within two years after the giving of the administration bond on May 24, 1875. Such a debt is within the Gen. Sts. *c.* 97, § 8,

which provides that "a creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered; and if, on examination thereof, it appears to the court that the same is justly due from the estate, he· shall order the executor or administrator to retain in his hands sufficient to satisfy the same," or that a sufficient bond shall be given for the payment of the claim. This gives a creditor, situated as the plaintiff was, the right to present his claim at any time after the death of the debtor, and before the estate is fully administered. *Hammond* v. *Granger, ante*, 272. *Ames* v. *Ames, ante*, 277.

The plaintiff had the right to present his claim to the Probate Court; in other words, provision for his debt is made in *c*. 97; and, as he neglected to avail himself of this provision, it follows that he cannot maintain an action against the heirs, next of kin, devisees or legatees of the deceased debtor.

*Judgment for the defendant.*