JOHN C. HAMMOND, trustee, *vs.* SOPHRONIA GRANGER & another, administrators.

Hampshire. May 5. — Sept. 5, 1881. ALLEN, J., absent.

Upon an application to the Probate Court, under the Gen. Sts. c. 97, § 8, by a creditor, whose right of action does not accrue within two years after the giving of the administration bond, to order the administrator to retain in his hands sufficient to satisfy his claim, the duty of that court does not involve an inquiry into the amount of assets then in the hands of the administrator.

PETITION filed April 4, 1879, by the present trustee under the will of Cotton Smith, to the Probate Court, under the Gen. Sts. *c.* 97, § 8, to order Sophronia Granger and John W. Smith, administrators with the will annexed of Lorenzo N. Granger, to retain in their hands sufficient funds to satisfy the petitioner's claim against his estate. The Probate Court dismissed the petition, but, on appeal to this court, its decree was reversed, and the case remitted for further proceedings. 128 Mass. 272. The Probate Court thereupon decreed that the respondents should retain in their hands assets in the sum of $12,000, and from this decree the respondents appealed to this court, assigning as a reason of appeal that they had no assets in their hands. At the hearing of this appeal, the parties agreed upon a statement of facts, the material parts of which were as follows:

The original trustees under the will of Cotton Smith were George C. Smith and John W. Smith, who, in February 1861, gave bonds for the performance of their trust, with Thaddeus Smith and Lorenzo N. Granger as sureties. In March 1879,

they were removed by the Probate Court, and this petitioner appointed in their stead, and they refused, upon his demand in writing, to deliver to him the trust fund in their hands, the present amount of which is admitted, for the purposes of this case, to be $10,000.

Lorenzo N. Granger died in March 1876, seised of real estate of the value of $40,000 and of an equal amount of personal property, and by his will gave certain portions of the residue of his estate real and personal to his wife and sister. None of his real estate has been sold to pay debts. In May 1876, the respondents Sophronia Granger and John W. Smith gave bond as administrators of the will annexed of Lorenzo N. Granger, and forthwith published notice of their appointment, and his estate has not been fully administered. Their first and second accounts as such administrators have been allowed by the Probate Court, the second showing a balance in their hands of personal assets exceeding $12,000. Before the commencement of any proceedings by this petitioner, they paid out to their testator's wife and sister personal property to the amount of $3995. On September 26, 1879, they filed a third account, on which no proceedings have been had, purporting to show a balance remaining in their hands of $1518.60. It is agreed that, if the sums distributed as aforesaid to the wife and sister are to be considered as in the hands of the administrators for the purpose of paying debts, the personal property now in their hands is $5513.60. They have never charged themselves in their accounts with any debt or any sum as due from John W. Smith by reason of his default as trustee under the will of Cotton Smith. No change has been made in the estate of Lorenzo N. Granger since the commencement of proceedings by this petitioner; and no one interested in the estate has offered to give the bond provided by the Gen. Sts. c. 97, § 8.

If, upon these facts, or so much thereof as would be competent evidence, the petitioner was entitled to a decree, the decree of the Probate Court was to be affirmed; otherwise, that decree was to be reversed and the petition dismissed, or such other decree entered as to the court should seem meet. *Lord, J.* affirmed the decree of the Probate Court, and the respondents appealed to the full court.

*J. C. Hammond, pro se.*

*D. W. Bond,* for the respondents.

GRAY, C. J.    The object of the Gen. Sts. *c.* 97, §§ 8–11, is to secure to creditors of a deceased person, whose right of action does not accrue within the period of the special statute of limitations, but whose debts become due while the estate, not having been fully administered, is still within the jurisdiction of the Probate Court, a right to share in any assets which remain in or may come to the hands of the executor or administrator.

The first step to be taken by the creditor is to present his claim to the Probate Court, which is to examine the same, and, "if it appears that the same is justly due from the estate," to "order the executor or administrator to retain in his hands sufficient to satisfy the same," unless a person interested in the estate offers to give bond to the alleged creditor "for the payment of the demand in case the same is proved to be due," in which case the court may "order such bond to be taken, instead of requiring assets to be retained as aforesaid." § 8.    The decision of the Probate Court is not conclusive in favor of the petitioner, and his claim is not to be paid unless he proves it to be due in an action, brought within one year after it becomes payable, against the executor or administrator, if he has been required to retain assets; otherwise, upon the bond given by a person interested. §§ 9, 10.    If the action is brought on the bond, the plaintiff may declare in like form, and the defendant may set up like defences, as if the action were prosecuted in the usual manner against the executor or administrator. § 11.

The jurisdiction of the Probate Court under § 8 does not attach unless the claim is presented to it "before the estate is fully administered." If the claim is so presented, the duty of that court does not involve an inquiry into the present amount of assets, but is limited to examining whether the claim appears to be justly due from the estate, and, if it does so appear, ordering sufficient assets to be retained, or a sufficient bond to be given, for the payment or satisfaction of the claim if subsequently proved to be due in an action at law. These preliminary proceedings for obtaining security have the like object with an attachment on mesne process and a bond to dissolve such an attachment; and leave the amount of the creditor's claim to be

afterwards determined at law, and the amount of property held for its payment to be ascertained when he comes to recover judgment and to levy execution.

It has already been decided that this petitioner has such a claim against the estate of Lorenzo N. Granger (of which John W. Smith and Sophronia Granger, the respondents, are administrators) as surety on the bond given by the former trustees (John W. Smith and George C. Smith) under the will of Cotton Smith, as will support this petition. *Hammond* v. *Granger*, 128 Mass. 272. By the statement of facts, upon which the case has now been submitted to our determination, it appears that the estate of Lorenzo N. Granger has not been fully administered, and that the administrators have the sum of $1518.60 in their hands for the payment of debts. The petitioner is therefore entitled to a decree that the respondents retain sufficient assets in their hands to satisfy his claim.

Upon this appeal, we are not required to consider whether, in the action at law to be brought against them, he can have judgment for assets *quando acciderint;* nor whether, in case part of his claim should be paid, on execution or otherwise, out of the estate of Lorenzo N. Granger, the surety, the obligation of John W. Smith as principal to reimburse to the estate of the surety the sum so paid will become assets in the hands of himself and his co-administrator. See *Hindsley* v. *Russell*, 12 East, 232; *Osterhout* v. *Hardenbergh*, 19 Johns. 266; *Leland* v. *Felton*, 1 Allen, 531; *Hazelton* v. *Valentine*, 113 Mass. 472; *Tarbell* v. *Jewett*, 129 Mass. 457.                    *Decree affirmed.*