SILLMAN C. BASSETT vs. WILLIAM A. DREW.

Suffolk.    January 10, 1900. — May 18, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Right of Action not accruing until after Two Years from giving of Adminis-
tration Bond — Statute.*

A promissory note secured by mortgage upon real and personal estate, which ma-
tures more than two years after the giving of bond by the administrator of the
deceased maker, is a debt for which provision is made by Pub. Sts. c. 136, § 13,
and therefore is not within the provisions of §§ 26 and 27, whether the personal
estate be sufficient or not to pay it.

CONTRACT, to recover a balance of $1,600 with interest due on
a promissory note for $4,000 against the devisee in trust under
the will of Russ B. Walker, the maker of the note.   Writ
dated August 29, 1898.   The case was submitted to the Supe-
rior Court, and, after judgment for the defendant, to this court,
on appeal, upon agreed facts, in substance as follows..

The note was payable to the order of the plaintiff, dated
March 18, 1893, on five years' time, and secured by a mortgage
on real and personal property, which on the same day the plain-
tiff had conveyed to him.   Subsequently Walker sold the equity
to one who after Walker's decease conveyed it to Walker's
widow.   Walker died on August 25, 1894, and his widow was
appointed administratrix with the will annexed of his property
in Maine, where he had lived.   She took out ancillary admin-
istration in Massachusetts, giving bond in the Probate Court of
Suffolk County, on May 2, 1895, and published notices of her
appointment in compliance with the law.

The property of the deceased in Maine realized $1,159.   His
property in Massachusetts consisted of real estate appraised
at $8,600, and a small amount of personal property.   By his
will he gave all his property, after payment of a few small
legacies, to the defendant in trust.

On July 27, 1897, more than two years after giving bond,
the administratrix filed her final account in Suffolk County,
and about the same time filed one in Maine.   Both accounts

were then allowed and the settlement of Walker's estate was complete.

The plaintiff never presented this note to the Probate Court. On November 27, 1897, as Walker's widow, who then held the equity, had made default in payment of interest on the note, the plaintiff foreclosed his mortgage under the power of sale, and purchased the premises himself for $2,600.

This action is to recover the difference between the amount for which the plaintiff had bought in the mortgaged premises and the amount of the mortgage note.

*C. F. Chamberlayne*, for the plaintiff.

*H. M. Burton*, for the defendant.

HAMMOND, J.   It is recited in the preamble to St. 1788, c. 66, that theretofore executors and administrators had frequently suffered " great loss and trouble by reason of demands brought against them after they have closed their accounts of administration, and settlement of the estate they have administered is made among the heirs or devisees," and that " for remedy whereof, as well as for the more speedy settlement of estates," the statute is passed.

Prior to this statute there does not seem to have been any statute of limitations applicable only to claims against executors and administrators. See Dane, Abr. c. 29, art. 1. This statute set a time within which actions must be brought against an executor or administrator. It divided the obligations of the deceased into three classes : First, those due and payable within that time ; second, those due and not payable within that time ; third, all other obligations, including those where the liability depends upon some contingency not happening within that time, and which might never happen.

A claim of the first class not presented within the time was barred, and there could be no recovery against anybody. A holder of a claim of the second class could file his claim in the office of the Probate Court before the expiration of the time, and the judge of probate was directed thereupon to order the executor or administrator to retain in his hands assets to answer the demand unless some one or more of the heirs or devisees should give sufficient security for the executor or administrator to respond to the demand.   And in such case the executor or

administrator was not allowed to hold the assets, and the remedy was against the estate of the deceased in the hands of the heirs or devisees or their heirs or assigns.

With certain changes and amendments not material to this discussion the policy thus adopted has continued to the present time.  St. 1791, c. 28.  St. 1792, c. 33.  Rev. Sts. c. 66, §§ 3, 5; c. 70, §§ 13, 14.  St. 1852, c. 294, § 1.  Gen. Sts. c. 97, §§ 5, 8; c. 101, §§ 31, 32.  Pub. Sts. c. 136, §§ 9, 13, 26, 27.

In speaking of this policy and the statutes, *Shaw,* C. J., in *Hall* v. *Bumstead,* 20 Pick. 2, 3, says : " In this Commonwealth, the liability of heirs for the debts of an ancestor, depends wholly upon statute, and is provisional only. . . . Here, it is the policy of the law to make all property liable for all the debts of the deceased owner, and in the first instance to place it under the administration of an executor or administrator ; and in pursuance of the same policy, land is made assets provisionally in the hands of the administrator, after the personal property is applied."  And again, in the same case, on page 6, he says : " By the policy and provisions of our laws, the remedy of a creditor upon the heirs or devisees of a deceased person, is extremely limited.  Every demand which can be made and enforced against the estate of a deceased person, is to be pursued against the administrator where it can be done, and the whole estate, personal and real, is in effect made assets in his hands to meet such claims."  See also *Royce* v. *Burrell,* 12 Mass. 395.

In *Pratt* v. *Lamson,* 128 Mass. 528, it was held, in accordance with the plain reading of the statute, that a promissory note maturing after two years from the time of the giving of the bond by the executor is a debt for which provision is made under Gen. Sts. c. 97, § 8, now Pub. Sts. c. 136, § 13, and that the creditor not having presented his claim to the Probate Court, under that section, could not maintain an action thereon under Gen. Sts. c. 101, § 31, against the legatees of the deceased. That case is decisive of this unless a distinction can be made in favor of the plaintiff.

The plaintiff, however, contends that where the personal assets do not appear to be sufficient to pay the claim, or where they are merely nominal, it would be useless to order the administrator to do that which he cannot do ; that therefore an appli-

cation under § 13 would be a useless and idle ceremony which the law would not require; and that as the claim could not thus be paid in full it is a claim " for which provision is not made in " the thirteenth section, and so is within Pub. Sts. c. 136, §§ 26, 27; and in support of his position he relies upon *Clark* v. *Holbrook*, 146 Mass. 366, and *Forbes* v. *Harrington*, 171 Mass. 386, but in neither of these cases was the question involved. Such a view of the thirteenth section arises from a misconception of the object and legal effect of the proceedings under it.

The object of the proceedings under that section is not to collect the claim presented, for it has not yet become payable, nor even to adjudicate finally the question of its validity, (Pub. Sts. c. 136, §§ 14, 27,) but simply to extend the time for its collection beyond the time within which otherwise by the special statute of limitations it would be barred.

Upon such an application, if it appears to the court that the claim is or may become justly due, the court " shall order the executor or administrator to retain in his hands sufficient to satisfy the same." But if a person interested in the estate offers to give a sufficient bond to the alleged creditor for the payment of the claim " in case it is proved due," the court may order such bond to be taken instead of requiring assets to be retained as aforesaid. Section 15 provides that the action shall be brought against the administrator if he has been required to retain assets, otherwise upon the bond.

If the order to retain assets is passed, and in the action against the administrator judgment is recovered by the plaintiff, execution issues therefor against the estate of the deceased, real and personal, in the hands of the administrator, just as in the case of a suit upon an ordinary claim within the two years, and the real property belonging to the estate is assets in his hands for that purpose; and, if the personal assets in his hands are insufficient to satisfy the claim, it is his duty to apply for license to sell and to sell real estate, and to apply the proceeds or so much thereof as may be necessary to the satisfaction of the claim. If the Probate Court refuses to order assets to be retained or a bond to be given, then the creditor, by the plain reading of Pub. Sts. c. 136, § 27, can hold the heirs or devisees answerable, because it is then a case where the claim has been presented under the thirteenth section, and has not been allowed.

An order under § 13 to hold assets, even if there be no personal assets in the hands of the executor or administrator, is not without effect.   On the contrary, the legal effect is to hold the executor or administrator answerable for the claim beyond the special statute limitation of two years, and extends the lien upon the real estate of the deceased for the satisfaction of the claim. It puts the creditor upon the same ground with reference to the real estate of the deceased as one who has brought suit within the two years.   *Hall* v. *Bumstead*, 20 Pick. 2.   *Bacon* v. *Pomeroy*, 104 Mass. 577.   *Edmunds* v. *Rockwell*, 125 Mass. 363. *Hammond* v. *Granger*, 131 Mass. 351.

In proceedings before the Probate Court under this thirteenth section, " the duty of that court does not involve an inquiry into the present amount of assets, but is limited to examining whether the claim appears to be justly due from the estate, and, if it does so appear, ordering sufficient assets to be retained, or a sufficient bond to be given, for the payment or satisfaction of the claim if subsequently proved to be due in an action at law." Gray, C. J., in *Hammond* v. *Granger*, 131 Mass. 351, 353.

The case cannot be distinguished from *Pratt* v. *Lamson, ubi supra*, in any respect material to the questions involved in the present inquiry, and it must therefore follow that case.

*Judgment for the defendant affirmed.*