CATHERINE H. THOMPSON & others *vs.* WILLIAM DE VISSER, executor.

SAME *vs.* SAME.

Berkshire.    September 8, 1914. — October 23, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Executor and Administrator.*

A decree of the Probate Court allowing the final account of an executor, filed more than three years after he was appointed and gave proper notice of his appointment, which shows a complete distribution of the estate leaving no residue in the hands of the executor and is assented to in writing by all the beneficiaries under the will and all the next of kin of the testator, affords the same protection to the executor as if the distribution of the estate had been authorized by a previous decree.

The executor of a will, who files his final account more than three years after he was appointed and gave proper notice of his appointment, having complied with the requirements of R. L. c. 139, §§ 1, 8, if he has paid in full all claims against the estate of which he has had notice, has the right to believe that there are no creditors of the estate when his account is filed who are entitled under R. L. c. 141, § 13, to apply for an order to have him retain in his hands sufficient assets to satisfy their claims.

A petition under R. L. c. 141, § 13, by an alleged creditor of a testator, whose right of action did not accrue within two years after the giving of the administration bond, to have the executor of the testator's will ordered to retain in his hands sufficient assets to satisfy the petitioner's claim, cannot be maintained, if at the time it is filed the estate has been fully administered by a distribution assented to by all the beneficiaries under the will and all the next of kin of the testator and approved by a decree of the Probate Court allowing the executor's final account; and it does not concern the petitioner whether or not the trustees to whom the residue of the estate was paid acted wisely in accepting the testator's share in a certain partnership at its appraised value.

A petition under R. L. c. 150, § 17, as amended by St. 1907, c. 438, by an alleged creditor of a testator to have the final account of the executor of such testator's will opened as having been settled in the absence of the petitioner and without notice to him, cannot be maintained, where it does not appear that the petitioner did not have timely knowledge of the death of the testator and of his own alleged claim against the estate and full means of presenting it to the executor and to the Probate Court long before the filing of the executor's account, and where on the petitioner's own statement he had ample time to take proper action before the executor's final account was filed and allowed.

TWO PETITIONS in the Probate Court for the County of Berkshire, the first filed on January 10, 1913, under R. L. c. 141, § 13,

by certain persons alleged to have claims against the estate of Francis T. Owen, who died testate on March 29, 1909, founded upon a bond executed by the testator on July 16, 1896, whereby he covenanted, for himself and his heirs, executors and assigns, to pay the petitioners and the survivor of them the sum of $10,000 three years after the date of his death, praying that the executor of the will might be ordered to retain in his hands sufficient assets to satisfy the petitioners' claims, and the second petition, filed on February 24, 1913, under R. L. c. 150, § 17, as amended by St. 1907, c. 438, praying that the account of the executor of the will of Francis T. Owen, which was settled in the absence of the petitioners and without notice to them, might be opened.

The executor of the will of Francis T. Owen filed pleas in abatement in which he averred that the estate had been fully administered and that the petitions came too late.

In the Probate Court *Slocum,* J., sustained the pleas and made decrees that the petitions be dismissed. The petitioners appealed.

The appeals came on to be heard before *Morton,* J., who on December 3, 1913, reserved them for determination by the full court. The material facts reported by the justice are stated in the opinion.

*E. N. Hill,* for the petitioners.

*H. C. Joyner, (W. B. Sanford & W. T. Day* with him,) for the respondent, were not called upon.

SHELDON, J. The final account of the respondent was filed in the Probate Court on December 4, 1912, more than three years after he had been appointed and had given proper notice of his appointment. This account contained credits for payments in full to all persons interested under the will and showed no residue in the hands of the respondent. No notice of the filing of this account was given, and no decree of distribution ever was made. But the beneficiaries under the will, being all the next of kin of the testator, in writing assented to this account and requested its allowance. It was accordingly allowed by decree of the Probate Court on the same day that it was filed.

This showed upon its face a full administration of the estate. All debts known to the respondent, and all taxes, including the succession tax due to the Commonwealth, appear to have been paid; and the residue of the estate, which consisted only of per-

sonal property, had been paid over to the proper parties. The matter stood then as if the Probate Court, after notice to the next of kin and the beneficiaries under the will, had entered a decree ordering the respondent to make to them the payments which in fact he had made without such order, and he was protected to the same extent as if such a previous decree had been made. Our decisions to this effect are collected in *Rhines* v. *Wentworth*, 209 Mass. 585, 588, and *Welch* v. *Boston*, 211 Mass. 178, 181, and need not further be referred to.

But the petitioners contend that they are not bound by the decree allowing this account, because they are creditors of the testator, whose demands did not become due until more than two years after the appointment of the respondent (R. L. c. 141, §§ 9 *et seq.*), and because no notice, either real or constructive, was given to them of the filing of the account. The short answer to this contention is that the respondent and all other parties had a right to believe that there were no creditors of the estate when the account was filed. *Prima facie*, all demands then were barred by the provisions of R. L. c. 141, § 9. No information of the petitioners' claim had been given to the respondent, although he complied with the requirements of R. L. c. 139, §§ 1, 8. Doubtless it could not have been assumed by the respondent or found by the Probate Court that there were no creditors, during the time allowed for the bringing of suits against the estate; and that is what was decided in *Browne* v. *Doolittle*, 151 Mass. 595. But in that case it was said, on page 597: "When an estate is settled, and ready for distribution, there are no creditors, and the distributees may be the only persons interested."

Nor can the contention of the petitioners that the estate has not been in fact fully administered be sustained. The account shows the receipt of more than $90,000 as "income to August 1, 1912," which appears to have been the day of the actual settlement made by the respondent. We cannot say that this did not include interest or profit received from the testator's former partnership; and the trustees to whom the residue of the estate was paid appear to have received willingly his share or interest in that partnership at its appraised value. Whether in this they acted wisely or not, does not concern the petitioners.

The petition that the respondent be ordered to retain in his

hands sufficient assets to satisfy the claim of the petitioners was not filed until after the estate in his hands had been fully administered; and so it rightly was dismissed. R. L. c. 141, § 13. *Hammond* v. *Granger*, 131 Mass. 351, 353.

The second petition contained also a prayer that the respondent's final account be opened. R. L. c. 150, § 17. St. 1907, c. 438. This request was addressed of course to the discretion of the court. But when the account was filed, as we already have seen, the estate had been settled and made ready for distribution. The demands of creditors either had been paid or were barred by statute. It does not appear that the petitioners did not have timely knowledge of the death of the testator and of their alleged claim against his estate and full means of presenting it to the respondent and to the Probate Court long before the filing of his account, or that they or their counsel were not fully aware of the filing and allowance of the account. The report states merely that they made such claims, not that their claims were found to be true. Even according to their own claims, they had ample time to take proper action before the respondent's account was filed and allowed. Under such circumstances, their second petition rightly was dismissed.

The decrees of the Probate Court must be affirmed.

*So ordered.*