CATHERINE HOWARD THOMPSON & others *vs.* HARRIET A. OWEN & others.

Suffolk. March 14, 24, 1924. — May 22, 1924.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & CARROLL, JJ.

*Equity Jurisdiction,* Suit against distributees of estate of decedent to enforce claim falling due after the expiration of the period of limitation. *Executor and Administrator.*

The allegations of a bill in equity brought in 1913 under R. L. c. 141, §§ 26, 27, 29, 30, against legatees under a will to recover a debt alleged to be due to the plaintiffs by reason of a bond of the decedent in which he promised to pay a certain sum to the plaintiffs three years after his death, were that the decedent's will was proved and the executor was appointed and qualified three years and eight months before the filing of the bill, and that the executor gave due notice of his appointment; that over three years after his appointment the executor filed a final account which was assented to by the defendants and allowed without other notice; that the plaintiffs had no actual knowledge of the death of the decedent until more than three years after the appointment of the executor; that they presented the bond to the Probate Court as soon thereafter as they discovered it and petitioned that their claim be allowed, that the executor's final account be reopened and that he be directed to retain assets or file a bond for the satisfaction of their

debt; that such petition was denied. Upon demurrer to the bill, it was *held*, that

(1) The claim was not seasonably filed with the Probate Court under § 13 of the statute, because it was not a claim " which could not legally be presented to the Probate Court," the plaintiff having had a right to present it under § 13 at any time before the estate was fully administered;

(2) The provision in § 27, for recovery by a creditor from distributees of an estate of a claim which could not legally be presented to the Probate Court or " if presented has not been allowed," was intended to refer to claims which were presented and disallowed for the reason that they were not claims proper for the retention of assets under §13;

(3) The claim could not be made the basis of a bill in equity under §§ 26-29 of the statute.

The failure of the plaintiffs to learn seasonably of the death of the decedent did not entitle them to maintain their bill, and the question, whether allegations to that effect, if proved, would be sufficient to entitle them to relief upon the principles of " justice and equity " under § 10, need not be considered.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 29, 1913, under R. L. c. 141, §§ 26, 27, 29, 30, to recover from legatees under the will of Francis T. Owen, late of Great Barrington, a debt alleged to be due to the plaintiffs from the decedent.

The defendants demurred for want of equity, for want of parties, and for laches. The demurrer was heard by *Pierce*, J., by whose order there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiffs appealed.

*C. J. Muldoon, Jr.*, for the plaintiffs, submitted a brief.

*R. Spring*, for the defendants.

CROSBY, J. This is a bill in equity brought under the provisions of R. L. c. 141, §§ 26, 27, 29 and 30 (now G. L. c. 197, §§ 28, 29, 31 and 32), to recover from the defendants as devisees and legatees under the will of Francis T. Owen, late of Great Barrington in this Commonwealth, a debt alleged to be due to the plaintiffs from the decedent. The plaintiffs' claim is based on a bond or obligation signed by the decedent, dated July 16, 1896, in which he promised to pay the plaintiffs the sum of $10,000 with interest, three years from the date of his death. He died on March 29, 1909, testate; his will was duly admitted to probate in the

county of Berkshire on July 20, 1909, and on the same day one William M. de Visser duly qualified as executor thereof, and gave notice of his appointment by posting notices in Great Barrington and by publication in a local newspaper.

In addition to the recital of the foregoing facts, the bill further alleges that the executor filed an account of his administration on or about September 7, 1910, which was assented to by the defendants (who are all of the beneficiaries named in the will) and it was allowed on the same day; but no notice of the presentation or pendency of the account was given by publication or otherwise. On December 4, 1912, the executor filed a second account (referred to therein as a "first and final account") which was assented to by the defendants and allowed on the same day; no notice of the filing of this account or of the application for its allowance was given in any form.

The bill further alleges that the plaintiffs had no knowledge of the decease of Owen until on or about September 1, 1912, and had no knowledge or notice of the presentation, filing or allowance of either account; that at the time of the execution of the bond or obligation, under which they make claim, it was placed by Owen in the custody of a third person in the city of New York by mutual agreement between these plaintiffs and Owen; that the plaintiffs, although exercising due diligence, were not able to discover or secure the agreement for some time, and as soon as possible after learning of the decease of Owen presented the bond or obligation to the Probate Court for the county of Berkshire on December 20, 1912, and asked that it be allowed; that thereafter the plaintiffs within a reasonable time and with due diligence made application to the Probate Court to re-open the executor's final account, and that he be directed to retain assets or file bond for the satisfaction of the debt of the plaintiffs and for the allowance of the same, but that the Probate Court disallowed the petitions; that certain sums of money have been paid to the defendants as heirs, devisees or legatees under the will, by the executor.

The prayer of the bill is that a decree may be entered for the amount due on the bond or obligation for the proportion

which each defendant is liable to pay on account thereof, and for such other relief as may be deemed meet.

The defendants demurred to the bill, the grounds alleged being want of equity, that the executor is a necessary party, and laches. An interlocutory decree has been entered sustaining the demurrer, and a final decree dismissing the bill; and the case is before this court on appeal from the interlocutory and final decrees.

The plaintiffs rely upon R. L. c. 141, §§ 26 and 27. Section 26 was as follows: " After the settlement of an estate by an executor or administrator, and after the expiration of the time limited for the commencement of actions against him by creditors of the deceased, the heirs, next of kin, devisees and legatees of the deceased shall be liable in the manner provided in the following sections for all debts for which actions could not have been brought against the executor or administrator, and for which provision is not made in the preceding sections of this chapter." Section 27 provides in part that " A creditor whose right of action accrues after the expiration of said time of limitation [for the commencement of actions against the executor or administrator], and whose claim could not legally be presented to the Probate Court, or whose claim, if presented, has not been allowed," may by a suit commenced within one year after the cause of action accrues, recover from distributees of the estate; or by virtue of the following § 28 may recover from the representatives of a deceased distributee.

It is alleged that the plaintiffs presented their claim to the Probate Court on December 20, 1912, but that the same was not allowed as the estate had been settled by the executor.

It was provided by § 13 of the same chapter that " A creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered; and if, upon examination thereof, the court finds that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same," or if a person interested in the estate offers to

give a bond for the payment of the claim, if it is proved to be due, the court may order such bond to be taken instead of requiring assets to be retained. The obligation upon which the plaintiffs seek to recover is an express and unqualified promise of the decedent on behalf of himself, his executors, administrators and assigns, to pay the plaintiffs three years after his death the sum of $10,000 with interest. The agreement is absolute; it does not depend upon any uncertainty or contingency. It did not become payable within the two-year period prescribed by the statute for proving claims against the decedent's estate. The history of the relevant provisions of R. L. c. 141, which was originally enacted in St. 1788, c. 66, was reviewed by Hammond, J., in *Bassett* v. *Drew*, 176 Mass. 141, and need not be repeated. As the claim was not presented to the Probate Court until after the estate had been fully administered, it was not seasonably filed under § 13.

This bill was brought within one year after the date when the obligation matured, which date was subsequent to the time limited for the bringing of an action against the executor; and taken literally the claim has been presented and not allowed. But it is not a claim which " could not legally be presented to the Probate Court." Presentation of such claims at " any time before the estate is fully administered " is specifically provided for by § 13. Besides, § 26 limits the scope of the " following sections . . . [to] debts for which actions could not have been brought against the executor or administrator, and for which provision is not made in the preceding sections of this chapter."

It is apparent that the obligation set forth in the bill is a claim which, if presented, would, so far as certainty in its terms is concerned, and assuming it to have been a valid obligation of the testator, have required a finding that " such claim is or may become justly due from the estate " within the meaning of § 13. It therefore cannot be made the basis of a bill under §§ 26–29. The provision in § 27, that a creditor's claim which could not legally be presented or " if presented, has not been allowed," is intended to refer to claims which were presented and disallowed for the

reason that they were not claims proper for the retention of assets under § 13; to hold otherwise would be contrary to the language of § 26, which provides that " devisees and legatees of the deceased shall be liable in the manner provided in the following sections for all debts for which actions could not have been brought against the executor or administrator, and for which provision is not made in the preceding sections of this chapter." *Pratt* v. *Lamson*, 128 Mass. 528, 529.

The plaintiffs had a right to present their claim to the Probate Court under § 13, and as they neglected to do so, it follows that they cannot maintain a bill against the heirs, next of kin, devisees or legatees of the testator. Before the estate was fully administered they could have been given the relief afforded by § 10 of the same chapter, if justice and equity so required.

The case cannot be distinguished in principle from *Pratt* v. *Lamson, supra, Bassett* v. *Drew*, 176 Mass. 141, *Peabody* v. *Allen*, 194 Mass. 345, *Converse* v. *Nichols*, 202 Mass. 270, *Electric Welding Co. Ltd.* v. *Fitz*, 215 Mass. 315. See also *Thompson* v. *De Visser*, 219 Mass. 40.

It is strenuously urged by the plaintiffs that they are entitled to maintain the bill because they did not learn of the death of the decedent or of the appointment of the executor until after the estate had been fully administered; but there is no allegation that such want of information was due to any fraud or deception practised upon them. There is nothing in the statutes under which the bill is brought which gives the plaintiffs a remedy because of their failure seasonably to learn of the death of the decedent, or because they did not seasonably know of the taking out of administration. Whether these allegations, if proved, would be sufficient to entitle them to relief upon the principles of " justice and equity " under § 10 need not be considered. It is manifest that the failure of the plaintiffs to learn seasonably of the decedent's death does not entitle them to maintain their bill. *Wells* v. *Child*, 12 Allen, 333. *Sykes* v. *Meacham*, 103 Mass. 285. *Estabrook* v. *Moulton*, 223 Mass. 359. *Leach* v. *Leach*, 238 Mass. 100, 103, 104.

As the bill cannot be maintained for the reasons stated,

the question, whether it is demurrable on other grounds, need not be considered. It results that the interlocutory decree sustaining the demurrer and the final decree dismissing the bill must be affirmed with costs.

*So ordered.*