Helen S. Gilman *vs.* Henry L. Taylor, administrator.

Essex.    January 8, 9, 1929. — February 27, 1929.

Present: Rugg, C.J., Crosby, Carroll, & Sanderson, JJ.

*Probate Court*, Jurisdiction, Petition to retain assets.    *Words,* "Creditor."

Under G. L. c. 197, § 13, a probate court has jurisdiction to order an administrator to retain funds sufficient to satisfy a claim that may become due by reason of agreements of the intestate to pay rent and to perform other acts stipulated for in the covenants in a lease in writing of real estate to him, the intestate, for a term which extended six years beyond his death, so far as the amount of such claim is capable of a reasonably definite estimate.

Petition, filed in the Probate Court for the County of Essex on July 3, 1928, under G. L. c. 197, § 13, seeking an order that the administrator of the estate of Levi L. H. Taylor, late of Haverhill, retain assets to satisfy a claim of the petitioner under the provisions of a lease of real estate dated January 1, 1919, for a term ending December 31, 1933, at a rental of $1,800 for the first ten years, and $2,100 for the last five years of the term.

In the Probate Court, the petition was heard by *Dow,* J. Material facts found by him are stated in the opinion.

By his order, a decree was entered, stating that it appeared to the court that a claim against the estate might "become justly due to" the petitioner, said claim not exceeding $13,500, and ordering "that the respondent retain in his hands sufficient assets to satisfy said claim." The respondent appealed.

*R. H. Taylor,* for the respondent.

*O. J. Carlton,* for the petitioner.

CROSBY, J. This is an appeal from an order of the Probate Court allowing a petition, filed under G. L. c. 197, § 13, and directing the respondent to retain in his hands sufficient assets to satisfy an alleged claim set forth in the petition.

The judge of probate made the following findings of fact: Levi L. H. Taylor died September 12, 1927, intestate, and Henry L. Taylor was appointed administrator of his estate, October 10, 1927, and duly qualified by giving bond which was approved on the same day. The estate has not been fully administered. The petitioner owns a tract of land in Haverhill on which there is a brick block. On January 1, 1919, she leased the premises to the intestate. The lease is for a term of fifteen years beginning January 1, 1919, the rent for the first ten years of the term being $1,800 a year, payable in monthly instalments of $150, and for the last five years, $2,100, payable in monthly instalments of $175. The lessee covenants "to pay the lessor taxes on alley-ways, land, and buildings, and any additions thereto above the present tax bill of $555 . . . ." The lessor has the right to terminate the lease for neglect or failure of the lessee "to perform and observe any of the covenants" contained in the lease, which are to be performed by the lessee, or if the estate created by the lease shall be taken on execution or other process of law, or if the lessee shall be declared bankrupt or insolvent, and in certain other specified cases; ". . . and the Lessee covenants in case of such termination to indemnify the Lessor against all loss of rent and all costs which the Lessor may incur by reason of such termination during the residue of the time first above specified for the duration of the said term." The lease also provides that the expression "lessee" shall include, among others, administrators of the lessee.

The petition alleges, among other things, that under the terms of the lease and the covenants therein the lessee is to pay rent and taxes above the present tax bill of $555; that the petitioner is a creditor of the deceased and herewith presents her claim, that his estate is not fully administered; and prays that if upon examination thereof the court shall find that her several claims, or any of them, are or may become justly due from said estate, it shall order the administrator to retain in his hands sufficient assets to satisfy the same. A citation issued on the petition returnable July 30, 1928, and a hearing was held on September 12, 1928. On September 24 the Probate Court found that a claim against the estate of the deceased may become justly due to the petitioner, said claim not exceeding $13,500, and ordered the administrator to retain in his hands sufficient assets to satisfy said claim. The court further found that at the time of the hearing all rent due under the lease was paid up to and including September 1, 1928, and the amount due for taxes above $555 on alleyways, land and buildings for the year 1928 had not been determined; that all amounts due for such taxes in the years before 1928 had been paid; that in the years since the date of the lease the annual amount due from the lessee for said taxes had averaged $500. No evidence was offered in support of any claim under the lease other than for such taxes and the rent. Since the death of the decedent the rent has been paid by his administrator.

The statute under which this petition is brought provides that "A creditor of the deceased, whose right of action does not accrue within one year after the giving of the administration bond . . . may present his claim to the Probate Court at any time before the estate is fully administered; and if, upon examination thereof, the court finds that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient assets to satisfy the same . . . ." The statute contains other provisions which are not pertinent to the issue in the case at bar and need not be referred to. The original enactment of § 13 appears in St. 1788, c. 66, § 4, and was reënacted with different language in Rev. Sts. c.

66, § 5, Gen. Sts. c. 97, § 8, substantially as appears in G. L. c. 197, § 13, except as changed by St. 1879, c. 71.

It is the contention of the respondent that, as nothing was due and payable to the lessor at the time the petition was filed, it cannot be maintained as the petitioner was not then a creditor of the deceased, and that to authorize the maintenance of such petition it must appear that a debt is owed to constitute the petitioner a creditor; that as nothing was due under the terms of the lease when the petition was filed, the relation of debtor and creditor did not exist. The word "creditor" is defined in *Boston* v. *Turner,* 201 Mass. 190, at page 193. It was there said that the word "'Creditor' is ordinarily used as an antonym of 'debtor' and involves a debt and a credit. It commonly signifies one who holds some contractual obligation against another." *Hammond* v. *Granger,* 128 Mass. 272, was a petition brought under Gen. Sts. c. 97, § 8. It was said by Gray, C.J., at page 275: "These provisions in terms cover every claim, the right of action upon which does not accrue within the period of the special statute of limitations, and which now appears to be 'justly due from the estate,' and include every debt arising out of a contract of the deceased which becomes 'justly due' before the estate is settled, even if it was neither *debitum* nor *solvendum* within the two years." Gen. Sts. c. 97, § 8, was amended by St. 1879, c. 71, which extended the application of the previously existing law to claims which "may become" justly due. This statute took effect February 28, 1879, and is embodied in G. L. c. 197, § 13, under which the petition in the case at bar is brought. The cases decided under statutes existing before the enactment of St. 1879, c. 71, are not decisive of the question raised in the case at bar. The rent and taxes under the lease to the decedent, which will become due and payable after the expiration of the special statute of limitations, do not depend upon any contingency or uncertainty as to whether these claims may become justly due, and the obligation of the lessee to pay them is definitely and specifically required by the terms of the lease.

The contract which the deceased signed in *Ames* v. *Ames,* 128 Mass. 277, *Bowditch* v. *Raymond,* 146 Mass. 109, and

similar cases, is not analogous to that in the case at bar.   It cannot be doubted that promissory notes, bonds and certain other obligations not then due of a deceased person were within the terms of the statute even before the enactment of the amendment, provided the holder presented his claim to the Probate Court in conformity with the terms of the stat- ute.   *Pratt* v. *Lamson,* 128 Mass. 528.   *Bassett* v. *Drew,* 176 Mass. 141, and cases cited.   *Thompson* v. *Owen,* 249 Mass. 229, 234.   Although the precise question of a lessor's rights under the statute respecting the retention of assets does not appear to have been heretofore passed upon by this court, we are of opinion that under the statute as amended it was in- tended that covenants in a lease to pay rent, and to perform other acts therein stipulated that are capable of a reasonably definite estimate, the amount of which may become due, are claims of creditors which may be presented to the Probate Court for the retention of assets.   The cases cited by the respondent are not at variance with what is here decided.

*Decree of Probate Court affirmed.*